## 7180

### PEARSON v. MILLS MFG. CO.

Repeal of Statute by Implication.—The *proviso* to section 2720, Code 1902, relating to payment of employees in orders, etc., is not repugnant to the *proviso* to section 2719, and hence does not repeal that *proviso* by implication.

Before Klugh, J., Greenville, March term, 1908.　Affirmed.

Action by B. F. Pearson against Mills Manufacturing Company.　From order of nonsuit, plaintiff appeals.

*Mr. J. R. Martin,* for appellant, cites: Code, 1902, 2719, 2720; 24 Stat., 442; 69 S. C., 326, 36 S. E., 748; 2 McC., 439.

*Messrs. Cothran, Dean & Cothran,* contra, cite: Code, 1902, 2719, 2720; 24 Stat., 442; 53 S. E. R., 735; 26 Ency., 720-1; 14 Rich., 247; 5 L. R. A., 517.

May 4, 1909.　The opinion of the Court was delivered by

Mr. Justice Hydrick.　Plaintiff brought this action, under sections 2719 and 2720 of Vol. I, Code of 1902, to recover of defendant $50, the penalty provided by section 2720, and $1.13 discount, which had been deducted from the face value of certain memoranda, tokens, or evidences of indebtedness, commonly called merchandise checks, which had been issued to him, by defendant, in payment for the labor of his minor children in the defendant's cotton factory.

Plaintiff testified, in substance, as follows: In the fall of 1906, he had four children working in defendant's mill. Some dissatisfaction arose, and he gave two weeks' notice of his intention to quit, and did quit accordingly.　He applied to defendant's bookkeeper for his time, and the book-

keeper gave him $11.25 in metal checks, which were good for merchandise only at defendant's store. He took them to the manager of defendant's store, who gave him $10.12 in cash for them. Defendant had two regular pay-days in each month. This transaction did not occur on a regular pay-day. He did not present the checks on a regular pay-day, and demand cash for them. He did not demand their face value in merchandise. He was not required to take the checks, but took them rather than go back to the mill on a regular pay-day, and get the money due him.

Upon the close of plaintiff's testimony, the trial Judge granted defendant's motion for nonsuit.

The sections of the Code referred to are as follows: Sec. 2719: "It will not be lawful for any corporation, person or firm in this State to issue, pay out or circulate for payment of the wages of labor, any order, check, memorandum, token or evidence of indebtedness, payable in whole or in part otherwise than in lawful money of the United States, unless the same is negotiable or redeemable at its face value, without discount, in cash or goods, wares or merchandise or supplies, at the option of the holder, at the store or place of business of such firm, person or corporation, or at the store of any other person on whom such paper may be drawn, where goods, wares or merchandise are kept for sale, sold or exchanged; and the person who, or corporation, firm or company which may issue any such order, check, memorandum, token or other evidence of indebtedness, shall, upon presentation and demand, within thirty days from the date of delivery thereof, redeem the same in goods, wares, merchandise or supplies, at the current cash market price for like goods, wares, merchandise or supplies, or in lawful money of the United States, as may be demanded by the holder of any such order, memorandum, token or other evidence of indebtedness: *Provided,* That if said corporation, person or firm engaged as specified in this section have a regular pay-day once in every thirty days, then said cor-

poration, person or firm shall not be required to redeem such token or evidence of indebtedness in cash until the first pay-day after the same becomes payable, as herein provided, and such token or evidence of indebtedness shall be presented for payment in cash only on such pay-days: *Provided,* That the provisions of this section shall not apply to agricultural contracts or advances made for agricultural purposes."

Sec. 2720: "Any officer or agent of any corporation or any person, firm or company, engaged in the business of manufacturing or mining in this State, who by themselves or agent shall issue or circulate in payment for wages of labor any order, check, memorandum, token or evidence of indebtedness, payable in whole or in part otherwise than in lawful money of the United States, without being negotiable and payable at the option of holder in goods, wares, merchandise, supplies or lawful money of the United States, as required by section 2719, or who shall fail to redeem the same when presented for payment within thirty days from date of delivery thereof, by the said company or its agent, at his or their office or place of business, in lawful money of the United States, or who shall compel or attempt to coerce any employee of any such corporation, shall forfeit to the employee *or legal owner and holder of such order, check, memorandum, token or evidence of indebtedness,* fifty dollars, to be recovered in any Court of competent jurisdiction: *Provided, That in establishments for manufacturing lumber or brick such checks shall not be redeemable in cash except on regular pay-days."*

As was originally enacted, section 2720 did not contain the words which have been italicized. These were introduced by way of amendment by the Act of 1904. 24 Stat., 442.

The plaintiff contends that the proviso to section 2720 is repugnant to the proviso to section 2719, and, being the later statute, repeals the former by implication.

This contention is clearly untenable. Repeals by implication are not favored. In *State* v. *Alexander,* 14 Rich., 247, 251, the Court quotes with approval from *Goddard* v. *Boston,* 20 Pick., 407, as follows: "A later statute on a given subject, not repealing an earlier one in terms, is not to be taken as a repeal by implication, unless it is plainly repugnant to the former, or unless it fullly embraces the whole subject matter." The authorities agree that to effect a repeal by implication, on account of repugnancy, the repugnancy must not only be plain, but the provisions of the two statutes must be incapable of any reasonable reconcilement; for if they can be construed so that both can stand, the Court will so construe them. We are unable to see any repugnancy between the provisos to the two sections above quoted, and hence there is no room for the application of the principle of repeal by implication.

There is no testimony tending to sustain either of the other points made by appellant, to wit, that defendant did not have regular pay-days, or that the defendant compelled or attempted to coerce the plaintiff to receive the checks.

The judgment of the Circuit Court is affirmed.