22285

Alice Price HARRIS and W. Manning Harris, Respondents, v. Donald F. DUNLAP, Appellant.

(328 S. E. (2d) 908)

Supreme Court

*Timothy E. Head,* of *McCants, Nelson, Green & Lafaye,* Columbia, *for appellant.*

*Cheryl A. Forest,* of *Gertz & Moore,* Columbià, *for respondents.*

Submitted Jan. 23, 1985.

Decided April 15, 1985.

HARWELL, Justice:

The issue in this appeal is whether the six-year statute of limitations for contract actions was tolled by the appellant's residence outside South Carolina for more than one year. We hold that the statute of limitations was tolled pursuant to S. C. Code Ann. § 15-3-30 (1976), and affirm.

The appellant Donald F. Dunlap signed on July 26, 1973 a note promising to pay within thirty days to respondents Alice Price Harris and W. Manning Harris the sum of $23,000.00. The respondents are South Carolina residents, but the appellant has lived outside this State since 1966. On July 11, 1982, the respondents filed a Summons and Verified Complaint in circuit court seeking to collect on the note. The appellant appeared specially to contest jurisdiction, and the court found that the appellant had sufficient minimum con-

tacts with South Carolina to subject him to jurisdiction in this State.

The appellant timely filed an Answer alleging as a defense the six-year statute of limitations for contract actions found in S. C. Code Ann. § 15-3-530(1) (1976). He then moved for summary judgment on that basis. The respondents moved for summary judgment under Code § 15-3-30 (1976), which tolls the statute of limitations for defendants who reside outside South Carolina more than one year. The trial court ruled that the statute of limitations had been tolled and struck the defense from the Answer.

The appellant contends that his amenability to service under the long-arm statute, Code § 36-2-803 (1976), required a finding that his physical absence from the State did not toll the statute of limitations. We disagree.

This Court recently held that the availability of service on a nonresident defendant through the Chief Highway Commissioner, pursuant to Code § 15-9-350 *et seq.* (1976), did not preclude application of the tolling statute. *Cutino v. Ramsey,* 328 S. E. (2d) 72 (S. C. 1985). We now hold, under the express language of the tolling statute and in the absence of specified exceptions, that amenability to personal service under the long-arm statute does not render the tolling statute inapplicable. The long-arm statute allows certain nonresident defendants to be hailed into court in South Carolina and has been extended to the outer limits of due process.[1] However, it does not address the problem of resident plaintiffs in locating nonresident defendants before the statute of limitations runs. The tolling statute was properly applied here.

The appellant additionally asserts that the tolling statute, Code § 15-3-30 (1976), denies nonresidents equal protection of the laws by treating them differently than residents. We disagree. The Fourteenth Amendment equal protection clause does not require identity of treatment of all citizens or preclude the state from making classifications unless the varying standards are arbitrary and lack a reasonable basis. *Broome v. Truluck,* 270 S. C.

---

[1] *Deering Milliken Research Corp. v. Textured Fibres, Inc.,* 310 F. Supp. 491 (D.S.C. 1970).

227, 241 S. E. (2d) 739 (1978). A rational distinction exists between residents and nonresident defendants. A plaintiff who is unable to locate a resident defendant may obtain service by publication in order to satisfy the appropriate statute of limitations.[2] However, a plaintiff who cannot locate a nonresident defendant has no such recourse. The tolling statute is a rational means for achieving the goal of affording residents of the State time to locate nonresidents and serve process upon them.

The judgment below is, accordingly, affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.

---

[2] Service by publication is not allowed in every case in which a plaintiff can not locate a resident defendant.