0607

AMERICAN FAST PRINT LIMITED, Respondent v. DESIGN PRINTS OF HICKORY, Appellant.

(339 S. E. (2d) 516)

Court of Appeals

*Paul R. Hibbard,* of *Johnson, Smith, Hibbard, Cleveland, Wildman & Dennis,* Spartanburg, *for appellant.*

*Horace L. Bomar,* of *Holcombe, Bomar, Wynn & Gunn,* Spartanburg, *for respondent.*

Submitted Nov. 18, 1985.

Decided Jan. 14, 1986.

SANDERS, Chief Judge:

Respondent American Fast Print Limited brought this action for breach of contract against Appellant Design Prints of Hickory. The Circuit Court granted summary judgment for American Fast Print. Design Prints appeals. We affirm.

In its complaint, American Fast Print alleged it had not been paid for certain goods sold to Design Prints. In its answer, Design Prints alleged certain of the goods did not conform to specifications, were defective and unusable.

American Fast Print moved for summary judgment on the ground Design Prints had not rejected the goods within a reasonable time after delivery as required by the Uniform Commercial Code. The Circuit Court granted summary judg-

ment because Design Prints had not given American Fast Print notice in writing it was rejecting the goods and had not seasonably notified American Fast Print of its rejection.

The dispositive issue before us on appeal is whether in this state notice of rejection must be in writing under the section of the Uniform Commercial Code codified as § 36-2-602, Code of Laws of South Carolina, 1976. (It is undisputed that Design Prints did not give written notice of rejection here).

Our Supreme Court has held that "[a]lthough Code § 36-2-602 does not explicitly require written notice, we believe the better view is that oral notice is ineffective to constitute rejection under the UCC." *Southeastern Steel Co. v. Burton Block & Concrete Co.*, 273 S. C. 634, 637, 258 S. E. (2d) 888, 889 (1979). It is argued that other language in the opinion indicates the Supreme Court intended to limit its holding to the facts of the case, but as we read the opinion, the court clearly held that notification must be in writing to be effective under the U.C.C. Other authorities addressing the opinion have uniformly construed it to stand for this proposition. *See, e.g., Agar v. Kysar*, 628 P. (2d) 1350, 1353 (Wyo. 1981) ("[T]he court, after finding no cases contra, held a notice of rejection must be in writing."); *Annual Survey of South Carolina Law—Contracts: Form of Notification Under the Uniform Commercial Code*, 32 S.C.L. Rev. 67, 68 (1980) [hereinafter cited as *Form of Notification*] ("The court clearly concluded that notification must be in writing in order to be effective under the U.C.C.").

Design Prints argues we should overrule this case. We must reject this argument. The Supreme Court may want to grant certiorari in the instant case and modify or overrule its previous decision, but this court has no authority to change it. *See Bain v. Self Memorial Hospital*, 281 S. C. 138, 141, 314 S. E. (2d) 603, 605 (Ct. App. 1984) ("Where the law has been recently addressed by our Supreme Court and is unmistakably clear, this court has no authority to change it.").

In deciding whether to grant certiorari and modify or overrule its previous decision, the Supreme Court may want to consider those cases discussed in *Form of Notification, supra.*

For these reasons, the order of the Circuit Court granting summary judgment is

Affirmed.

GARDNER, and CURETON, JJ., concur.