23172

Fannie Mae DANDY, Plaintiff v. AMERICAN LAUNDRY MACHINERY INC., a/k/a American Laundry Machinery Company, Talley Laundry Machinery Company, A Merging Corporation, and Talley Machinery Corporation, A Surviving Corporation, Defendants.

(389 S. E. (2d) 866)

Supreme Court

John T. Bodenheimer, of *Bodenheimer, Busbee & Hunter*, Aiken, and *Wilmot B. Irvin* and *Elizabeth Howard Simmons*, of *Glenn, Irvin, Murphy, Gray & Stepp*, Columbia, *for plaintiff.*

*David B. Summer, Jr.*, of *Nexsen, Pruet, Jacobs & Pollard*, Columbia, *for defendant Talley Laundry Machinery.*

*Frank H. Gibbes, III*, and *Michael T. Smith*, both of *Rainey, Britton, Gibbes & Clarkson*, Greenville, *for remaining defendants.*

Heard Jan. 8, 1990.

Decided March 12, 1990.

GREGORY, Chief Justice:

The following three questions have been certified to this Court by the United States District Court for the District of South Carolina:

1. Under South Carolina law, does delivery of a summons and complaint to a private process server commence an action and thereby toll the applicable statute of limitations?
2. Under South Carolina law, does mailing a summons and complaint pursuant to the State's longarm statute toll the applicable statute of limitations as of the date of mailing?
3. Under South Carolina law, does a foreign corporation's appointment of a registered agent in South Carolina render the tolling statute, S. C. Code Ann. § 15-3-30 (1976), inapplicable?

The certified facts' are as follows. On November 9, 1988, plaintiff filed a summons and complaint alleging she was injured on November 10, 1982, as a result of defendants' negligence and breach of warranty. The same day, she gave the summons and complaint to a private process server. The process server mailed the summons and complaint to the registered agent for defendant Talley Laundry Machinery Co. (Talley) in Winston-Salem, North Carolina, by certified mail, return receipt requested. The envelope was post-marked November 17, 1988. The return receipt, although signed, does not indicate the date of delivery. Talley is a foreign corporation and has no registered agent in South Carolina.[1]

Under South Carolina law, a civil action is commenced "by filing and service of a summons and complaint." Rule 3(a), SCRCP. An attempt to commence an action, rather than actual commencement under Rule 3(a), may suffice to toll a statute of limitations in only one specified instance: when a summons and complaint are delivered to the sheriff for service upon an absent resident defendant and service is accomplished within a reasonable time. Rule 3(b), SCRCP.

Plaintiff contends, by analogy to Rule 3(b), attempted service on an out-of-state defendant should toll the statute of limitations as of the date the summons and complaint were delivered to a private process server. This proposition, however, finds no support in our Rules of Civil Procedure. The Court of Appeals recently considered Rule 3(b), SCRCP, and strictly construed it to apply only in instances where the summons and complaint are delivered to a sheriff for service. *Able v. Schweitzer*, 387 S. E. (2d) 697 (S. C. Ct. App. 1989). The Court of Appeals reasoned that this was the intent in deleting the phrase "or other officer of the county" from the former statute[2] when formulating the Rule 3(b) exception for delivery to the sheriff only. We agree with the Court of Appeals' conclusion that delivery to a private process server does not suffice under Rule 3(b), SCRCP, to toll the statute of limitations. Accordingly, plaintiff's proposed analogy to Rule 3(b) is unpersuasive. We

---

[1] The applicable statute of limitations expired on November 10, 1988. *See* S. C. Code Ann. § 15-3-530 (Supp. 1989).

[2] S. C. Code Ann. § 15-3-10 (1976).

answer the first certified question: delivery to a private process server for service upon an out-of-state defendant does not toll the statute of limitations.

The applicable longarm statute, S. C. Code Ann. § 36-2-806(1)(c) and (2) (1976), provides for service on a foreign corporation by certified mail, return receipt requested, and specifies that proof of service must include the signed receipt or other evidence of *delivery*. Service is therefore not complete until the date of delivery. Since an action is not commenced under South Carolina law until the summons and complaint are filed and served, the applicable date for tolling the statute of limitations is the date of receipt. Accordingly, we answer the second certified question: mailing a summons and complaint does not toll the statute of limitations.

Finally, we are asked to consider whether S. C. Code Ann. § 15-3-30 (1976) applies to toll the statute of limitations when a foreign corporation has a registered agent in South Carolina.[3] Section 15-3-30 provides in pertinent part that if a defendant is out of the state when a cause of action accrues, the statute of limitations is tolled until his return to the state. This Court has held this statute applies to an out-of-state defendant even when service can be effected by substitute service on the Chief Highway Commissioner, *Cutino v. Ramsey*, 285 S. C. 74, 328 S. E. (2d) 72 (1985), or when service can be made pursuant to the longarm statute, *Harris v. Dunlap*, 285 S. C. 226, 328 S. E. (2d) 908 (1985). In *Harris* we noted the purpose of the tolling statute is to remedy the problem of locating a nonresident defendant before expiration of the statute of limitations. This problem does not exist, however, when a foreign corporation has a registered agent within our state. Accordingly, we answer the third certified question: S. C. Code Ann. § 15-3-30 (1976) does not apply to a foreign corporation with a registered agent in South Carolina.

Certified questions answered.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

---

[3] There are no certified facts regarding this question. It appears, however, that defendant American Laundry Machinery, Inc., has a registered agent in South Carolina.