1936

John NOWLIN, Appellant v. GENERAL
TELEPHONE COMPANY, Respondent.
(426 S.E. (2d) 114)

Court of Appeals

*John Nowlin,* Cades, *pro se, appellant.*

*D. Laurence McIntosh,* Florence, *for respondent.*

Heard Nov. 9, 1992; Decided Dec. 29, 1992.

Reh. Den. Jan. 27, 1993.

SHAW, Judge:

Appellant, John Nowlin, brought this action for wrongful discharge against respondent, General Telephone Company. Nowlin alleged the employment relationship was governed by a contract which the telephone company breached by failing to follow procedures outlined in the contract and by terminating Nowlin without just cause. He further alleged the telephone company wrongfully selected an arbitrator who heard his grievance in an arbitration proceeding. From an order of the trial court finding the claims barred by the statute of limitations, Nowlin appeals. We affirm and adopt the order of the trial judge as follows.

### ORDER OF THE TRIAL JUDGE

The plaintiff brought this action by complaint filed May 25, 1990 against his former employer raising issues concerning his discharge. The complaint alleges that the employment relationship between the plaintiff and the defendant was governed by a union contract between the company and the union establishing the union as the exclusive bargaining agency for the employees. The first cause of action alleges that the plaintiff was terminated without just cause and without following the proper procedures of the contract. The second cause of action alleges the defendant wrongfully selected the arbitrator who heard the case.

The defendant filed a motion to dismiss under Rule 12(b)(6) and in the alternative for summary judgment under Rule 56(b), *South Carolina Rules of Civil Procedures*. The defendant's motion for summary judgment is supported by documents filed by the defendant concerning prior arbitration proceedings, a state court action, and a federal court action brought by the plaintiff against the defendant concerning his dismissal.

From these documents it is established that the plaintiff was discharged from his employment with the defendant on June 14, 1983. The union contract provided for a grievance procedure for employees which included arbitration of such disputes. James A. Morris was appointed as arbitrator to hear the grievance filed on behalf of the plaintiff concerning his termination. A hearing was held before the arbitrator on February 10, 1984. The issue at the arbitration hearing was whether the plaintiff had been discharged for proper cause. The arbi-

trator entered his decision dated May 23, 1984 concluding that the plaintiff was terminated for just cause and denied his grievance.

The plaintiff then brought an action in the court of common pleas for Horry County seeking a review of the arbitration decision. The court concluded that the employment contract provided that a dispute as to whether an employee was terminated for cause was a dispute that could be submitted to arbitration under the terms of the contract. The court held that there was no basis for the court to review the arbitration decision.

The plaintiff has also brought a civil rights action in federal court against the defendant alleging that his discharge on June 14, 1983 was racially discriminatory in violation of applicable federal civil rights statutes. That case was tried in the United States District Court resulting in a verdict by the jury for the defendant. That case was appealed to the United States Court of Appeals. The Court of Appeals affirmed the judgment for the defendant in the case. That order has become final.

The defendant's motion for summary judgment asserts that the claims brought by the plaintiff are barred by the statute of limitations. The plaintiff was discharged from his employment with the defendant on June 14, 1983. The plaintiff asserts that his discharge was in violation of his employment contract with the defendant. The plaintiff relies on the case of *Small v. Springs Industries, Inc.*, 292 S.C. 481, 357 S.E. (2d) 452 (1987). The *Small* case holds that an employee at will relationship may be altered by the existence of an employee handbook which sets forth a termination procedure. In the present case, Nowlin's potential employee at will relationship was altered by a union contract which provided for a grievance procedure to establish whether the termination of an employee was for just cause. The contract provided for an arbitration procedure to resolve such disputes. The *Small* case holds that an employee may rely on the termination procedure in the employee handbook. The termination procedure applicable to employees of General Telephone was provided for in the union contract. The plaintiff used those procedures to assert that his termination was without just cause. The process resulted in a determination that the company had just cause for the termination.

The termination of the plaintiff occurred on June 14, 1983. The filing of the complaint in this action occurred on May 25, 1990. The six-year statute of limitations on the plaintiff's claim for breach of contract had run by the time of the filing of the complaint.

The second cause of action alleges that the arbitrator heard was improperly selected. The selection of the arbitrator was obviously made by the parties sometime prior to the arbitration hearing which was held on February 10, 1984. Arbitrators, by their nature, are not appointed by one of the parties to the arbitration. They are selected by the process provided for in the labor contract which provides for both parties to participate in the selection process.

Any objection to the appointment of an arbitrator must occur prior to arbitration hearing. The employee cannot participate in an arbitration hearing and then object to the appointment of the arbitrator if the arbitrator's ruling is unfavorable. That would defeat the arbitration process.

The arbitration hearing concerning the plaintiff's discharge occurred on February 10, 1984. If there was any basis for a court action that the arbitrator was improperly appointed, the time for filing such was an action would have run by the time of the filing of this suit on May 25, 1990.

Both causes of action asserted by the plaintiff are barred by the statute of limitations, *Code of Laws of South Carolina,* 1976, Section 15-3-530(1). The purpose of the statute of limitations is to put to rest claims after the passage of time. The defendant's motion for summary judgment based on the statute of limitations is granted. The plaintiff has presented nothing to show that he can overcome the statute of limitations. Since the case is dismissed for that reason, the grounds for dismissal raised by the defendant based on the principle of res judicata or estoppel by judgment are not reached.

### STATUTE OF LIMITATIONS ARGUMENT ON APPEAL

We note that Nowlin challenges the finding of the trial judge as to the statute of limitations on two grounds. First, he argues, under the union contract, he could not bring a lawsuit against the telephone company until the completion of arbitration, thus the statute of limitations did not begin to run until he received notification of the arbitration decision. There is

absolutely no evidence to support this position. The agreement itself does not expressly prohibit bringing a suit pending arbitration and, contrary to Nowlin's contention, the affidavits do not support his position either. Further, Nowlin cites no law that pending arbitration tolls the running of the statute of limitations. Finally, because there is no transcript of the summary judgment hearing and no mention of this argument in the trial judge's order, there is no evidence this issue was even submitted to him. *See Windham v. Honeycutt,* 290 S.C. 60, 348 S.E. (2d) 185 (Ct. App. 1986) (the burden is on the appellant to furnish a sufficient record on appeal from which the court can make an intelligent review); and *Hoffman v. Powell,* 298 S.C. 338, 380 S.E. (2d) 821 (1989) (an appellant court will not consider issues raised for the first time on appeal).

Second, Nowlin contends the trial judge excluded "letters which show that the respondent contributed to the appellant's inability to pursue legal proceedings prior to completing arbitration." He argues the telephone company should therefore be estopped from asserting the statute of limitations. Because there is no transcript of the summary judgment hearing, there is no evidence the trial judge excluded anything. Further, there are no letters, and thus no offer of proof, in the transcript which support this contention.

For the foregoing reasons, the order below is affirmed.

Affirmed.

BELL and CURETON, JJ., concur.