24076

John NOWLIN, Petitioner v.
GENERAL TELEPHONE COMPANY, Respondent.

(444 S.E. (2d) 508)

Supreme Court

*Alvin Hinkle*, Columbia, *for petitioner.*

*D. Laurence McIntosh*, Florence, *for respondent.*

Heard March 2, 1994.

Decided May 23, 1994. Reh. Den. June 30, 1994.

FINNEY, Justice:

We granted John Nowlin's petition for writ of certiori to review *Nowlin v. General Telephone Company*, — S.C. —, 426 S.E. (2d) 114 (Ct. App. 1992). We affirm.

## FACTS

Petitioner was discharged from his employment with respondent on June 14, 1983. His union contract provided for a grievance procedure which included arbitration. After complying with the grievance procedure, petitioner submitted the claim to voluntary arbitration claiming that he was fired without just cause. The arbitrator found that petitioner was terminated for just cause and denied his grievance. The decision was issued on May 23, 1984, and petitioner was notified of the decision on June 14, 1984.

Following the arbitrator's decision, petitioner sought several remedies for his discharge. Petitioner brought a post-arbitration suit in civil court seeking review of the arbitrator's decision. The trial judge denied review. Petitioner also brought a federal civil rights lawsuit alleging that his discharge was racially discriminatory. A jury verdict was returned in favor of respondent.

At issue here is the complaint filed on may 25, 1990. Petitioner alleged therein that respondent 1) failed to follow procedures as provided in the contract, 2) terminated him without just cause, and 3) wrongfully selected the arbitrator. Respondent moved for summary judgment claiming the action

was barred by the statute of limitations. The trial court granted summary judgment in respondent's favor because the six-year statue of limitations began running when petitioner was terminated and expired one year prior to filing the complaint. On appeal, the Court of Appeals affirmed.

## ANALYSIS

Petitioner asserts that the statute of limitations was tolled during the pendency of his administrative proceedings, thus his complaint was timely filed. Petitioner contends summary judgment should not have been granted because there was evidence supporting his position that he could not bring an action against respondent until after completion of arbitration.[1]

The Court of Appeals found that the collective bargaining agreement did not expressly prohibit bringing a suit pending arbitration. The Court of Appeals held that time began to run when petitioner was terminated and the statute of limitations was not tolled pending the arbitration decision. We agree.

The Court of Appeals found that petitioner failed to cite any authority to support his argument that the statute was tolled pending arbitration. For the first time, in his petition for a writ of certiorari, petitioner cites *Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp.*[2] to support his position that the time for filing is tolled pending the exhaustion of administrative remedies. However, arbitration proceedings do not toll the statute of limitations on parallel remedies; the statute is tolled only on actions involving the claim submitted to arbitration. *Id.* Thus, the statute of limitations expired before this action was commenced.

Furthermore, *Westinghouse Electric Corp.* was brought under the Labor Management Relations Act, § 301, 29 U.S.C. § 185 (1947). Actions brought under the Labor Management Relations Act are subject to a six-month statute of limitations. 29 U.S.C.A. § 160(b) (1973). Two

---

[1] The supporting evidence was in the form of an affidavit from a former union officer stating that petitioner was required to exhaust his administrative remedies before bringing suit. The Court of Appeals found the affidavit is not evidence which supports petitioner's contention. *See Main v. Corley,* 281 S.C. 525, 316 S.E. (2d) 406 (1984) (witness cannot create an inference that is not genuine).

[2] 602 F. Supp. 956 (W.D.Pa. 1984).

of petitioner's claims fall under the Labor Management Relations Act for which the statute of limitations has long expired. The third claim has already been arbitrated and review denied. Therefore, none of petitioner's claims are proper.

Petitioner next alleges that his termination was wrongful within the meaning of *Small v. Springs Industries, Inc.,*[3] because respondent failed to comply with terms of the union agreement. Petitioner claims this suit is now brought under a common law cause of action which did not exist at the time of the federal action. We disagree.

Petitioner's employment was governed by a union agreement and not a handbook. Thus, *Small v. Springs Industries* is inapplicable and does not provide a cause of action that was unavailable to petitioner at the time of his arbitration. Petitioner's arbitration centered on whether the employer adhered to the contract. He sought review of the arbitrator's decision, but did not appeal the order denying review. Consequently, petitioner is precluded from bringing a separate and independent action in state court for wrongful discharge.

Accordingly, the motion for summary judgment was properly granted. The decision of the Court of Appeals is

Affirmed.

CHANDLER, Acting C.J., TOAL and MOORE, JJ., and PAUL E. SHORT, JR., Acting Associate Justice, concur.

---

[3] 292 S.C. 481, 357 S.E. (2d) 452 (1987).