24074

Cassie B. McLAIN, Appellant v. Thomas E. INGRAM, Jr., and Caroline Y. Ingram, d/b/a Wannamaker's Drug Store, Respondents.

(444 S.E. (2d) 512)

Supreme Court

*Delton W. Powers, Jr.,* Bennesttsville, *for appellant.*

*Michael M. Nunn,* of *Coleman, Aiken & Chase, P.A.,* Florence, *for respondents.*

Submitted March 16, 1994.

Decided May 23, 1994.

*Per Curiam:*

The issue in this case is whether the service of a summons and complaint *prior* to their filing commences an action for purposes of the statute of limitations. The circuit court held such service insufficient, and granted respondents' motion for summary judgment. We affirm.

Appellant allegedly suffered a personal injury at respondents' store on March 3, 1986. At that time, the applicable statute of limitations was six years.

On February 25, 1992, appellant mailed a summons and complaint to the clerk of court and simultaneously sent respondent's copies by certified mail. Respondents received their copies on February *26*, and on February *27*, the clerk filed the summons and complaint. Therefore, the summons and complaint were filed on the 27th, Rule 5(e), SCRCP, the day after respondents were served. Rule 4(d)(8), SCRCP. On March 25, 1992, appellant served copies of the now-filed summons and complaint on respondents. Respondents then moved for summary judgment based on the statute of limitations, and the trial court granted the motion.

The adoption of the SCRCP in 1985 heralded a new era in South Carolina's civil practice, modernizing and streamlining our system. Among the changes made by these rules was a new procedure for commencing a civil action. Rule3(a), SCRCP, provides "A civil action is commenced by the filing and service of a summons and complaint." Prior to the adoption of the SCRCP, a civil action was commenced by service of the summons. *See* S.C. Code Ann. § 15-3-10 (1976) *repealed* 1985 Act No. 100. A further change was made by Rule 5(d), SCRCP, which reads: "The summons and complaint *shall* be filed *before* service." (Emphasis added.) This change in practice made by the SCRCP is highlighted by the Reporter's Note to Rule 3: "This Rule 3(a) . . . preserves the new requirement for prior filing (of the summons and complaint) with the clerk of court." *See also* Rule 4(b), SCRCP ("The summons shall . . . contain. . . .").

The language of Rule 5(d) is clear: The summons and complaint must be filed prior to their service. Here, service preceded filing and thus this action was not properly commenced before expiration of the statute of limitations. We recognize the harsh result reached in this case, and take this opportunity to remind practitioners that the interrelationships between various court rules are not always readily apparent.

We find the ramaining issue to be without merit. Accordingly, the circuit court order is

Affirmed.