25 F.3d 1038
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Yadunath B. BADARAYAN, Plaintiff Appellant,
v.
Thomas DRAKE; Clemson University, Defendants Appellees.
 No. 93-2185.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 19, 1994.
Decided June 16, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CA-93-109-3AK).
 Yadunath B. Badarayan, appellant pro se.
 Floyd Matlock Elliott, Haynsworth, Marion, McKay & Guerard, Greenville, SC, for appellees.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order granting summary judgment[1] against Appellant in his diversity action. Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal is without merit. Accordingly we affirm substantially on the reasoning of the district court.[2] Badarayan v. Drake, No. CA-93-109-3AK (D.S.C. Aug. 11, 1993). To the extent that Appellant appeals the district court's failure to address his vaguely pled claim of discrimination by Appellees, we find that Appellant did not state a claim of sufficient specificity for the district court to address. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985), cert. denied, 475 U.S. 1088 (1986). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[3]
 
 
 2
 AFFIRMED.
 
 
 
 [1]
 The motion was filed as a motion to dismiss but the district court advised Appellant that it would be treated as a motion for summary judgment
 
 
 [2]
 We note, however, that the district court held that the Appellant's cause of action accrued on January 15, 1990. The record reveals that the cause of action actually accrued substantially earlier. See Santee Portland Cement Co. v. Daniel Int'l Corp., 384 S.E.2d 693, 694 (S.C.1989); see also Nowlin v. General Tel. Co., 426 S.E.2d 114, 116 (S.C. Ct.App.1992). Because this determination does not affect the disposition of the case, we decline to disturb the district court's finding
 
 
 [3]
 Appellant's motion to expedite is now moot and is dismissed for that reason