2486

Eileen C. BLYTH, Appellant v. Frank Lamar MARCUS, Respondent.

(470 S.E. (2d) 389)

Court of Appeals

---

[2] The newly adopted South Carolina Rules of Evidence retain this common-law rule. Rule 608(a)(2) and Rule 801(d)(1).

*James T. McLaren* and *C. Dixon Lee, III*, both of *McLaren & Lee*, Columbia, *for appellant.*

*Robert A. McKenzie, Robert J. Elan,* and *Robert M. Cook, II*, all of *McDonald, McKenzie, Rubin, Miller & Lybrand,* Columbia, *for respondent.*

Heard Feb. 6, 1996.

Decided Mar. 18, 1996; Reh. Den. May 23, 1996.

HOWELL, Chief Justice:

The question presented is whether S.C. Code Ann. § 15-3-30 (1976) survived the adoption of the South Carolina Rules of Civil Procedure (the Rules). The trial judge dismissed the negligence action filed by Eileen C. Blyth, finding Rule 3(b), SCRCP impliedly repealed section 15-3-30, thus Blyth's action was barred by the statute of limitations. Blyth appeals.

## FACTS

On August 20, 1984, Blyth was injured after Frank Marcus allegedly struck her with his auto while she was riding her bicycle in Columbia. At the time, both parties were residents of South Carolina. Blyth filed an action on August 28, 1984, which was later dismissed without prejudice in February, 1985. Approximately one year after the accident Marcus moved out of state and has since resided in Georgia.

Blyth filed this action on August 15, 1991. Marcus's counsel received a copy at that time. However, Blyth's attempted mail service to Marcus failed, and Marcus was personally served on September 19, 1991 by a Georgia county sheriff, and again on January 11, 1993 by the Executive Director of the S.C. Department of Highways and Public Transportation.

## DISCUSSION

A statute of limitations reduces the interval between the accrual and commencement of a right of action to a fixed period, thereby putting to rest claims after the passage of time. See 51 Am. Jur. (2d) *Limitations on Actions* § 15 (1970); *Nowlin v. General Tel. Co.*, 310 S.C. 183, 186, 426 S.E. (2d) 114, 116 (Ct. App. 1992), *aff'd*, 314 S.C. 352, 444 S.E. (2d) 508 (1994). This procedural device operates as a defense to limit the remedy available from an existing cause of action. *Langley v. Pierce*, 313 S.C. 401, 438 S.E. (2d) 242 (1993) (citing *Goad v. Celotex Corp.*, 831 F. (2d) 508, 511 (4th Cir. 1987), *cert. denied*, 487 U.S. 1218, 108 S.Ct. 2871, 101 L.Ed. (2d) 906 (1988)). Unless an action is commenced before expiration of the limitations period, the plaintiff's claim is normally barred. *See, e.g., McLain v. Ingram*, 314 S.C. 359, 444 S.E. (2d) 512 (1994). Blyth's action was limited by S.C. Code Ann. § 15-3-530(5) (Supp. 1995) (six-year prior on tort causes of action arising prior to April 5, 1988), the applicable statute of limitations. The normal expiration of the statute of limitations on

her cause of action was August 20, 1990. If section 15-3-30 applies, the six-year limitation period tolled the running of the statute of limitations after Marcus moved out of state, only one year after the cause of action arose.

The trial judge accepted Marcus's three-fold argument that rule 3(b) impliedly repealed section 15-3-30.

Marcus argues: (1) the Legislature specifically provided in 1985 S.C. Act No. 100 (South Carolina Rules of Civil Procedure legislation, hereinafter 1985 Act) for the repeal of remaining procedural statutes which conflicted with the rules; (2) legislative intent prevails over statutory rules, as the case here, where the Legislature's purpose behind the 1985 Act in embracing an entire subject matter (tolling procedure in civil suits) repealed existing law of the same subject matter; and (3) the general language of Rule 1, SCRCP (the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action"), public policy concerns, and simplified and additional service of process options now available to plaintiffs, all foreclose the need for "protectionist" and "obsolete" legislation such as section 15-3-30.

Blyth argues because particular code section were repealed by the 1985 Act, *see, e.g.,* S.C. Code Ann. § 15-3-10 (1976 & Supp. 1995), the legislature would have repealed section 15-3-30 had it intended the Rules to replace it. Blyth also argues South Carolina Supreme Court decisions after the enactment of the Rules demonstrate the continued vitality of section 15-3-30.

Under Section 3 of the 1985 Act, the Legislature provided that in the event of conflict, the Rules replace existing procedural statutes. However, repeal by implication is disfavored and requires a showing of conflict between the two competing statutes, incapable of reasonable reconciliation. *Mims v. Alston,* 312 S.C. 311, 313-14, 440 S.E. (2d) 357, 359 (1994). Moreover, the repugnancy must be plain, and if the two provisions can be construed so that both can stand, a court shall so construe them. *City of Rock Hill v. South Carolina DHEC,* 302 S.C. 161, 167, 394 S.E. (2d) 327, 331 (1990) (citing *Pearson v. Mills Manufacturing Co.,* 82 S.C. 506, 509, 64 S.E. 407, 409 (1909)).

In South Carolina, "[a] civil action is commenced by filing and service of a summons and complaint." Rule 3(a), SCRCP.

If a plaintiff files but fails to make actual service upon the defendant the action has not yet commenced. *Id.* Therefore, because the statute of limitations period continues to run, unless the plaintiff can correct this 'failed' commencement before expiration of the limitations period, the claim will normally be time barred. *McLain*, 314 S.C. at 360, 444 S.E. (2d) at 512-13.

Rule 3(b) may operate to save an action which is not timely commenced. Under Rule 3(b):

> an attempt to commence an action is equivalent to the commencement thereof when the summons and complaint are filed with the clerk of court and delivered for service to the sheriff of the county in which defendant usually or last resided, . . . provided that actual service must be accomplished within a reasonable time thereafter.

Delivery for service to the sheriff provides a substitute for actual service. Once a plaintiff delivers the summons and complaint to the sheriff, the statute of limitations is temporarily arrested until actual service is made within a reasonable time. The effect of this tolling rule is that "equivalent" commencement offers a plaintiff a limited reprieve, but does not otherwise permit a plaintiff to delay in commencing the action.

Instead of providing for the mechanics of commencing an action, section 15-3-30 describes one set of fortuitous circumstances which suspend a statute of limitations, thereby delaying commencement requirements. Under section 15-3-30, the defendant's departure and continuous residence outside South Carolina for one year or more can suffice to toll the applicable limitations period. *See Harris v. Dunlap*, 285 S.C. 226, 328 S.E. (2d) 908 (1985).

On one level, Rule 3(b) is broader than section 15-3-30; Rule 3(b) is not limited to absent defendants. *See Garner v. Houck*, — S.C. —, 435 S.E. (2d) 847 (1993) (Rule 3(b) applied to corporate defendants, which cannot be "absent"). On another level, however, Rule 3(b) is narrower than § 15-3-30; it does not actually permit plaintiffs to delay the commencement of a lawsuit. Instead, it halts the statute of limitations until proper commencement is made, through actual service, upon the defendant within a reasonable time. Two examples illustrate the distinction. In *Hughes v. Water World Slide, Inc.*, 314 S.C. 211, 442 S.E. (2d) 584 (1994), Hughes filed a summons and com-

plaint three years after the accident, which was the deadline under the limitations period. Hughes failed to make actual service prior to the deadline. Normally under Rule 3(a) the Hughes's claim would be time barred for failure to make proper commencement before expiration. However, because Hughes delivered copies of the summons and complaint to the requisite sheriff by the deadline, and actual service was made within a reasonable time (three days), the applicable three-year statute was tolled. Conversely, in *Harris v. Dunlap*, 285 S.C. 226, 328 S.E. (2d) 908 (1985), the plaintiffs' cause of action arose out of a promissory note signed in July 1973, but it was not until nine years later in July 1982 that the plaintiffs filed suit. In rejecting the defendant's six-year statute of limitations defense, the court held the defendant's absence from the state since 1966 satisfied the requirements of section 15-3-30.

We conclude section 15-3-30 and Rule 3(b) are reasonably reconcilable and there is no conflict. Section 15-3-30, when applicable, becomes operable prior to the commencement requirements of Rule 3(b). Moreover, while there are no decisions squarely on point concerning the repeal issue, there have been three cases since the 1985 Act which have cited section 15-3-30, and by implication, affirmed its continued vitality. *See Langley v. Pierce*, 313 S.C. 401, 438 S.E. (2d) 242 (1993); *Garner v. Houck*, 312 S.C. 481, 435 S.E. (2d) 847 (1993); *Dandy v. American Laundry Mach.*, 301 S.C. 24, 389 S.E. (2d) 866 (1990), *overruled in part on other grounds, Garner v. Houck*, 312 S.C. 481, 485, 435 S.E. (2d) 847, 850 (1993).[1]

Marcus's second argument, that by embracing an entire subject of revisions and codes the Legislature intended to repeal former acts of the same subject matter, is incorrect in this instance. While the Rules apply to procedural matters in civil cases generally, the Legislature has nevertheless retained interest in various procedural matters via its legislative enactments. This is especially true of statutes like the one at issue. The Legislature made it clear that regarding statutes of limitations, statutes of repose, and tolling statutes, it shall

---

[1] Marcus argues that these cases should be overruled to the extent they infer the continued viability of section 15-3-30. We find these cases helpful though not dispositive on the repeal issue. Regardless, we have no authority to over rule Supreme Court precedent. *American Fast Print Ltd. v. Design Prints of Hickory*, 288 S.C. 46, 339 S.E. (2d) 516 (Ct. App. 1986).

continue to assert its concerns with specificity.[2] Thus, in view of the substantial Legislative activity in this area after the enactment of the Rules, it is difficult to accept the proposition that the Legislature would simply overlook section 15-3-30. *Accord Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Parker*, 282 S.C. 546, 320 S.E. (2d) 458 (Ct. App. 1984) (legislature's enumeration of particular exceptions in a statute gives rise to strong inference that no other exceptions were intended).

Marcus contends that policy concerns of avoiding delay in concluding civil disputes require repeal of section 15-3-30. We disagree. Marcus argues the reduced statutes of limitations for certain tort and contract causes of actions in recent years, alternative methods of placing cases on the jury roster, easing of service of process rules, and the general policies underlying the adoption of the rules weigh in favor of repealing the "obsolete" and "protectionist" tolling provision of section 15-3-30. However, in addition to section 15-3-30, our Legislature has spoken with clarity in describing other fortuitous circumstances to toll applicable statutes of limitations, including certain categories of plaintiffs (S.C. Code Ann. § 15-3-40 (Supp. 1995) (disability)), one category of plaintiffs or defendants (S.C. Code Ann. § 15-3-80 (1976) (suits by and against enemy aliens)), certain other proceedings (S.C. Code Ann. § 15-3-100 (1976) (effect of stay of action by injunction or statutory provision)), and types of plaintiffs in certain kinds of cases (S.C. Code Ann. § 15-3-545(D) (Supp. 1995) (age of minority in medical malpractice actions)). Because of the Legislature's consistency and specificity in providing for statutory tolling exceptions, particularly like the one at issue which operates to postpone commencement requirements, we cannot conclude the Legislature overlooked there arguments. *See Holman v. Bulldog Trucking Co.*, 311 S.C. 341, 348, 428 S.E. (2d) 889, 893 (Ct. App. 1993) ("When the Legislature has enacted a rule embodying a particular policy choice, the courts have no power to annul the Legislature's judgment by substitution of their own views of sound public policy.").

---

[2] A brief survey of Title 15 of Chapter 3 of the South Carolina Code, Limitations on Civil Actions, reveals that the Legislature has not hesitated to take action as the need to do so became apparent. Between 1985 and 1988 the following sections were enacted, amended, or repealed: §§ 15-3-10, 15-3-40, 15-3-70, 15-3-150, 15-3-340, 15-3-520, 15-3-530, 15-3-535, 15-3-545, 15-3-550, 15-3-640, 15-3-650, 15-3-660, 15-3-670, and 15-3-680.

Blyth failed to commence this action before the six-year statute of limitations period was normally due to expire. However, because Marcus left South Carolina within one year of the accident, and he has been residing outside the state since, section 15-3-30 applied to toll the statute of limitations. *See, e.g., Harris v. Dunlap*, 285 S.C. 226, 328 S.E. (2d) 908 (1985); *Cutino v. Ramsey*, 285 S.C. 74, 328 S.E. (2d) 72 (1985). Moreover, Marcus has failed to raise any countervailing statutory provision which would preclude operation of section 15-3-30. *See, e.g., Langley v. Pierce*, 313 S.C. 401, 438 S.E. (2d) 242 (1993) (medical malpractice statute has its own "built-in" tolling provision). Therefore, Blyth's claim is not time barred.

In light of this holding, we decline to address Blyth's remaining issue on appeal. Accordingly, for the foregoing reasons, the decision of the trial court is

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.