495 S.E.2d 234

Joseph S. **TIRALANGO**, Appellant,

v.

Theberge Celine **BALFRY**, Respondent.

No. 2766.

Court of Appeals of South Carolina.

Submitted Nov. 4, 1997.

Decided Dec. 15, 1997.

Rehearing Denied Jan. 22, 1998.

Thomas W. Greene, of the Greene Law Firm, Charleston, for appellant.

Christopher McCool, of Nelson, Mullins, Riley & Scarborough, Charleston, for respondent.

HUFF, Judge:

This case arises out of a traffic accident which occurred on April 5, 1992 in Myrtle Beach. The trial court granted summary judgment to Theberge Celine Balfry (Respondent) on the grounds that Joseph Tiralango's (Appellant) claim was barred by the applicable statute of limitations. After the trial court denied his motion to reconsider, Appellant initiated this appeal. We reverse and remand.

## FACTS

Appellant is a resident of New York, and Respondent is a resident of Quebec, Canada. On April 5, 1992, Respondent turned left onto Third Avenue in Myrtle Beach, into the path of an oncoming motorcycle driven by Appellant. The accident report estimated that the speed of Respondent's car was five miles per hour. Witnesses estimated that the speed of Appellant's motorcycle was in excess of forty miles per hour. The speed limit in the area was twenty-five miles per hour. Appellant was released from the hospital on the same day as the accident. The accident report included Respondent's name and address.

Respondent returned to Canada on April 11, 1992. Respondent drove through South Carolina on her way to and from Florida on February 26, 1995 and April 1, 1995. The summons and complaint was filed in this action on March 21, 1995. Service was not attempted until April 11, 1995, when Respondent was served by mail at her home address.

At the summary judgment hearing, Respondent argued that the three year statute of limitations expired and S.C.Code Ann. § 15–3–30 was not applicable. Respondent asserted that the purpose of the statute is to protect a plaintiff who is

230

unable to locate a nonresident defendant. Respondent maintained that because Appellant knew Respondent's name, address and telephone number shortly after the accident, the statute did not apply. The lower court granted summary judgment to Respondent.

## LAW/ANALYSIS

A statute of limitations puts to rest claims after the passage of time, by reducing to a fixed period the interval between the accrual and commencement of a right to action. *Blyth v. Marcus*, 322 S.C. 150, 470 S.E.2d 389 (Ct.App.1996) *citing* 51 Am.Jur.2d *Limitations on Actions* § 15 (1970). Unless an action is commenced before the statute of limitations expires, the plaintiff's claim is normally barred. *Blyth.*

Appellant asserts that although he failed to serve the summons and complaint on Respondent within the statute of limitations[1], the statute of limitations was tolled under S.C.Code Ann. § 15–3–30 (1976). That statute provides, in pertinent part:

[I]f, after such cause of action shall have accrued, such person shall depart from and reside out of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

Appellant asserts that the plain meaning of the statute requires its application to this case.

When interpreting a statute, legislative intent must prevail if it can be reasonably discovered in the language used. *Gambrell v. Travelers Ins. Companies*, 280 S.C. 69, 310 S.E.2d 814 (1983). The words of the statute must be given their plain

---

1. South Carolina law provides that an action for personal injuries sustained in an automobile accident must be commenced within three years of the date the cause of action arose. *See* S.C.Code Ann. § 15–3–530(5) (Supp.1996). Further, Appellant discovered his injury on the date of the accident. Therefore, his cause of action arose on the date of the accident. *See Dillon County Sch. Dist. v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 332 S.E.2d 555 (Ct.App.1985). However, under § 15–3–30, a plaintiff's cause of action lasts as long as a defendant is continuously absent from South Carolina (for more than a year), perhaps ad infinitum.

and ordinary meaning, unless something in the statute requires a different interpretation. *Gambrell.*

■ The statute provides that the time of the defendant's absence from the state *"shall not"* be used in calculating the expiration of the statute of limitations. There is nothing in the statute that requires a different interpretation. Respondent left South Carolina a few days after the accident and has resided in Canada for over a year. Therefore, under the plain meaning of the statute, the time period of one year or more that Respondent was continuously absent from South Carolina shall not be used in calculating the date of the expiration of Appellant's cause of action. *See Blyth* (Plaintiff failed to commence action before statute of limitations expired, but because defendant left the state within one year of accident and resided outside the state since, section 15–3–30 applied to toll the statute of limitations).

Respondent vigorously argues that because Appellant knew the address and telephone number of Respondent following the accident and Appellant did not have difficulty locating Respondent before the expiration of the statute of limitations, § 15–3–30 does not apply. Respondent urges us to insert an exception into the tolling statute. Respondent emphasizes the South Carolina Supreme Court's statement that "the purpose of the tolling statute is to remedy the problem of locating a nonresident defendant before expiration of the statute of limitations." *Dandy v. American Laundry Mach.,* 301 S.C. 24, 27, 389 S.E.2d 866, 868 (1990) *overruled in part on other grounds, Garner v. Houck,* 312 S.C. 481, 435 S.E.2d 847 (1993).

However compelling Respondent's argument may be, we refuse to tread on legislative ground. *See Blyth, quoting Holman v. Bulldog Trucking Co.,* 311 S.C. 341, 348, 428 S.E.2d 889, 893 (Ct.App.1993) ("When the Legislature has enacted a rule embodying a particular policy choice, the courts have no power to annul the Legislature's judgment by substitution of their own views of sound public policy.")

We are constrained to hold that the plain meaning of the statute forces its application in this case. The matter is

**REVERSED AND REMANDED.**

CONNOR and ANDERSON, JJ., concur.