THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Venture
 Engineering, Inc., Respondent
 v.
 Darrell L.
 Avery, Sr., and Jeffrey L. Avery, Appellants.
 
 
 

Appeal From Horry County
 J. Stanton Cross, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-002
Submitted November 1, 2007  Filed January
 2, 2008    
REVERSED AND REMANDED

 
 
 
 James C. Rushton, III and Reginald C. Brown, Jr., of Florence, for Appellants.
 Nate Fata, of Surfside Beach, for Respondent.
 
 
 

PER CURIAM:  In
 this action to set aside a default judgment, Darrell and Jeffery Avery (the Averys)
 argue the default judgment against them is void due to Venture Engineerings,
 Inc. (Venture) failure to properly file the amended complaint.  We reverse and
 remand.[1] 
FACTS
In 2002, the Averys, through their company
 Myrtle Beach Developers, LLC, purchased a tract of land in South Carolina.  The
 Averys hired Venture to perform engineering and consulting services in
 connection with the property.  After Venture provided the services, the Averys
 failed to pay Venture monies due under the contract.  
On
 December 4, 2002, Venture brought suit against the Averys, alleging breach of
 contract, breach of contract accompanied by a fraudulent act, fraud, and
 quantum meruit.  The Averys, who at this point were represented by counsel,
 timely answered.  
In 2004, Venture moved to compel discovery
 and requested leave to file an amended complaint.  Attached to the motion for
 leave to file an amended complaint was the amended complaint, which was
 file stamped on July 16, 2004.  In addition, the Averys counsel moved to be
 relieved.  
During
 a hearing, the circuit court considered and granted all three motions.  The
 circuit courts order gave the Averys thirty days to obtain new counsel, if
 they desired.  Otherwise, the order provided Venture should mail all documents
 to the Averys address in North Carolina.  The circuit court ordered the Averys
 to notify the court, in writing, of any change of address.  
On July
 21, 2005, Venture mailed the summons and amended complaint to the Averys.  The
 amended complaint was virtually identical to the first except it added a cause
 of action for piercing the corporate veil.  However, Venture failed to file the
 amended complaint.  The Averys, who were pro se, did not respond
 to the amended complaint.  
Due to
 the Averys failure to answer the amended complaint, Venture filed an affidavit
 of default.  The affidavit erroneously provided the amended complaint was filed
 on July 15, 2005.  The circuit court referred the matter to the
 master-in-equity for damages to be assessed, and Venture notified the Averys of
 the reference to the master.  
At the damages hearing, which the Averys
 did not attend, Steve Powell  testified on behalf of Venture.  Powell testified
 that the Averys owed Venture $79,000 for services rendered.  Further, Powell
 testified he aided the Averys in obtaining bids for selling timber and they
 received over $150,000 but failed to pay Venture.  Powell stated he felt misled
 because he was unaware that Darrell Avery was in bankruptcy, and both Averys
 had served time in federal prison for the preparation of false and fraudulent
 tax returns.  Following Powells testimony, Venture argued it was entitled to
 prejudgment interest as well as punitive damages.  Venture alleged the Averys
 dealings with Venture were not out of the ordinary, and the Averys [took] all
 the dirt, the sand, and the timber [off of the property] and let everyone else
 foreclose on them, and [the Averys] go back to North Carolina [and] file
 bankruptcy.  Ultimately, the master awarded damages and prejudgment interest
 totaling $104,680.36 and punitive damages in the amount of $395,787.50. 
 
The Averys, now represented by counsel,
 moved pursuant to Rules 59 and 60, SCRCP, for a new trial and to have the
 default judgment set aside.  At the hearing, the Averys argued, inter alia,
 the judgment against them was void because Venture failed to properly file the
 amended complaint.  Venture conceded the amended complaint was not filed but
 argued the motion for leave to amend the complaint had the amended complaint
 attached.  The circuit court agreed with Venture that it did not need to refile
 the amended complaint.  Accordingly, the circuit court denied the Averys
 motions.  Subsequent to the order of default and judgment, Venture filed the
 amended complaint.  This appeal followed.   
STANDARD OF REVIEW
The
 determination of whether to set aside a default judgment lies within the sound
 discretion of the trial court.  Wham v. Shearson Lehman Bros. Inc., 298 S.C. 462, 465, 381 S.E.2d 499, 501 (Ct. App.
 1989).  The decision of the trial court will
 not be disturbed on appeal absent a showing of an abuse of discretion.  Thompson
 v. Hammond, 299 S.C. 116, 119, 382 S.E.2d 900, 902-03 (1989).  An abuse of discretion occurs when the trial court
 issuing the order was controlled by some error of law or when the order, based
 upon factual, as distinguished from legal conclusions, is without evidentiary
 support.  In re Estate of Weeks, 329 S.C. 251, 259, 495 S.E.2d
 454, 459 (Ct. App. 1997).
LAW/ANALYSIS
The issue on appeal is whether Ventures failure to properly
 file the amended complaint rendered the default judgment against the Averys
 void.  For the reasons set forth below, we find the circuit court erred by
 failing to set aside the default judgment.  Accordingly, we reverse and
 remand.  
Rule 55(a), SCRCP, provides, When a party against
 whom a judgment for affirmative relief is sought has failed to plead or
 otherwise defend as provided by these rules the clerk of court, after proper
 notification, will enter default.   It is axiomatic that in order for a party
 to plead or otherwise defend an action, the action must be properly filed. 
 In South Carolina, a civil action is commenced if the summons and
 complaint are filed with the clerk of court and proper service is effectuated.  See Rule 3(a), SCRCP (A civil action is commenced when the summons and
 complaint are filed with the clerk of court if [the summons and complaint] are
 [properly served].).   Further, the South Carolina Rules of Civil Procedure
 require the summons and complaint be filed before service.  Rule 5(d),
 SCRCP.   See McLain v. Ingram, 314 S.C. 359, 360, 444 S.E.2d 512,
 513 (1994) (finding action was not properly commenced when service preceded
 filing). 
In the present
 case, Venture filed the original summons and complaint and then properly served
 the Averys, who timely answered.   After obtaining permission from the circuit
 court to amend the complaint, Venture served the summons and amended complaint
 before filing.  Due to the Averys failure to answer the amended complaint,
 Venture sought and obtained a default judgment.  
Venture maintains
 the rule requiring filing before service applies to only the original
 pleadings, and the amended complaint falls under the all papers category
 under Rule 5(d), which provides, [a]ll papers required to be served upon a
 party . . . shall be filed with the court within five days after service. 
 Therefore, Venture reasons under Rule 5(d) filing the amended complaint after
 service to the Averys was proper.  However, the amended complaint was not filed
 within five days but belatedly filed on May 17, 2006 after the entry of a
 judgment.
Here,
 Venture would have been unable to obtain a default judgment against the Averys
 on the original complaint because the Averys timely answered.  The only way the
 Averys could be held in default would be for their failure to answer the
 amended complaint.  Therefore, the amended complaint must have been properly
 filed and served in order to trigger the Averys duty to answer. See Rule
 5(d).  By holding otherwise we would, in essence, allow a litigant to obtain a
 default judgment against a party who failed to answer despite the fact no amended
 action was pending at the court house.  Accordingly, we find the circuit court
 erred by failing to set aside the default judgment.    
The Averys also
 argue the circuit court erred in affirming the masters award of prejudgment
 interest.  Further, they allege the award of punitive damages violates their
 constitutional rights.  Due to the resolution of this case, we decline to
 address the Averys remaining arguments.  See  Futch
 v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d
 591, 598 (1999) (ruling an appellate court need not review remaining issues when disposition of prior issues are dispositive ).
CONCLUSION
Based on the
 foregoing, the decision of the circuit court is
REVERSED AND
 REMANDED.
HUFF and PIEPER, JJ., and GOOLSBY, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.