**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tyrone Darius Ellison, Appellant.

Appellate Case No. 2014-002337

―――――――――――

Appeal From Dorchester County
D. Craig Brown, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2017-UP-014
Heard December 7, 2016 – Filed January 11, 2017

―――――――――――

**AFFIRMED**

―――――――――――

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

―――――――――――

**PER CURIAM:** Tyrone Darius Ellison appeals his convictions for armed robbery and entering a bank with intent to steal. He argues the trial court erred in denying his motion for a mistrial because (1) his right to a fair and impartial jury was

violated and (2) the Sixth Amendment prohibits the trial court from considering the weight of the evidence in determining whether to declare a mistrial because of outside influences on the jury. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue 1: *State v. Kelly*, 331 S.C. 132, 142, 502 S.E.2d 99, 104 (1998) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal unless an abuse of discretion amounting to an error of law occurs."); *State v. McBride*, 416 S.C. 379, 385, 786 S.E.2d 435, 438 (Ct. App. 2016) ("An abuse of discretion occurs when the court's decision is unsupported by the evidence or controlled by an error of law."); *Kelly*, 331 S.C. at 141, 502 S.E.2d at 104 ("The Sixth and Fourteenth Amendments of the United States Constitution guarantee a defendant a fair trial by a panel of impartial and indifferent jurors."); *id.* ("To safeguard these rights, 'it is required that the jury render its verdict free from outside influences of whatever kind and nature.'" (quoting *State v. Cameron*, 311 S.C. 204, 207, 428 S.E.2d 10, 12 (Ct. App. 1993))); *id.* (holding the existence of outside influence will not automatically entitle the defendant to a mistrial, rather, "[u]nless the misconduct affects the jury's impartiality, it is not such misconduct as will affect the verdict."); *id.* at 141-42, 502 S.E.2d at 104 ("Relevant factors to be considered in determining whether outside influences have affected the jury are the number of jurors exposed, the weight of the evidence properly before the jury, and the likelihood that curative measures were effective in reducing the prejudice."); *State v. Harris*, 340 S.C. 59, 62-65, 530 S.E.2d 626, 627-28 (2000) (finding a new trial was not necessary when a juror independently consulted a legal dictionary to clarify the meaning of malice aforethought and told the other members of the jury "what she had done and that it made her feel like she should choose murder"); *Kelly*, 331 S.C. at 142, 502 S.E.2d at 105 ("The trial [court] is in the best position to determine the credibility of the jurors and . . . [find] them credible and capable of rendering an impartial verdict based solely on the evidence."); *State v. Grovestein*, 335 S.C. 347, 353, 517 S.E.2d 216, 219 (1999) (noting the jury is presumed to follow the law as instructed to them in the trial court's jury charge).

As to Issue 2: *Kelly*, 331 S.C. at 141-42, 502 S.E.2d at 104 ("Relevant factors to be considered in determining whether outside influences have affected the jury are the number of jurors exposed, the weight of the evidence properly before the jury, and the likelihood that curative measures were effective in reducing the prejudice."); *Am. Fast Print Ltd. v. Design Prints of Hickory*, 288 S.C. 46, 47, 339 S.E.2d 516, 517 (Ct. App. 1986) (noting this court does not have the authority to modify or overrule decisions of our supreme court).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**