22287

Irvin D. PARKER, Consumer Advocate of the State of South Carolina, Appellant, v. SOUTH CAROLINA PUBLIC SERVICE COMMISSION and South Carolina Electric and Gas Company, Respondents.

(328 S. E. (2d) 909)

Supreme Court

*Steven W. Hamm, Consumer Advocate, Raymon E. Lark, Jr., Asst. Consumer Advocate* and *Staff Attys. Lee Jedziniak* and *Nancy J. Vaughn,* all of the *South Carolina Dept. of Consumer Affairs,* Columbia, *for appellant.*

*Arthur G. Fusco* and *Sarena K. Dickerson, both of Columbia, for respondent South Carolina Public Service Commission.*

*Patricia T. Marcotsis,* and *H. Simmons Tate Jr., Francis P. Mood* and *Manton M. Grier,* of *Boyd, Knowlton, Tate & Finlay,* all of Columbia, *for respondent South Carolina Elec. and Gas Co.*

Heard March 11, 1985.

Decided April 15, 1985.

CHANDLER, Justice:

This is an appeal by the Consumer Advocate from a Circuit Court Affirmance of a Public Service Commission (PSC) Order relating to an electric rate adjustment by South Carolina Electric and Gas Company (Company).

We reverse.

## BACKGROUND

In *Parker v. South Carolina Public Service Commission,* 280 S. C. 310, 313 S. E. (2d) 290 (1984) we held that PSC in a rate proceeding erred by including Company's injuries and damages account (account) in the electric rate base. We remanded the case to Circuit Court with instruction for return to PSC "who will make proper *rate adjustments.*" *Parker, supra,* at 313, 313 S. E. (2d) 290 [Emphasis supplied].

## ISSUES PRESENTED

The sole issue is whether PSC has made proper rate adjustments as required by *Parker, supra.*

PSC and Company contend that, by its subsequent Order No. 380, PSC has complied with *Parker.* We disagree.

Consumer Advocate contends that Order No. 84-380 complies to the extent that it deletes the account but does not comply with the further essential requirement that rates be reduced by whatever amount results from the deletion. We agree.

## HOLDING OF THE COURT

It is patent from a reading of Order No. 84-380 that PSC made a recalculation based upon the deletion, but then applied the recalculation, not to a proper "rate adjustment" as required by *Parker,* but to Company's "rate of return."

Utility "rate" and utility "rate of return" are not the same.

"The term 'rate' means and includes every ... charge ... collected by an electrical utility for any electric current or service offered by it to the public...." S. C. Code Ann. § 58-27-10 (1976 & Supp. 1983).

" 'Rate of return' is rate that a utility is entitled to earn on its investment...." *New England Tel. & Tel. Co. v. Public Utilities Commission, et al.,* 448 A. (2d) 272, 284 (Me. 1982).

PSC found from its recalculation that deletion of the account resulted in no change in Company's 9.65% fair rate of return, then concluded it need go no further. This was error.

Company's rate of return is, throughout, not challenged by Consumer Advocate and is not in issue.

Accordingly, the effect of deletion of the account from Company's rate base upon its rate of return is irrelevant to our instruction in *Parker, supra,* at 313, 313 S. E. (2d) 290, that PSC "make the proper rate adjustments."

In short, we held in *Parker,* (1) that the Company had in its possession moneys not applicable to its customers' rates, and (2) that the rates be reduced by deletion of these moneys from the Company's rate base. PSC Order No. 84-380 permits the Company to retain funds to which it is not entitled.

The point made before this Court in oral argument that deletion of the account results, at most, in miniscule refunds to the average utility customer is neither valid nor appealing, and cannot be the basis for a legal resolution of this matter. The issue presented is significant in rate determination.

We hold the trial court erred in affirming PSC Order NO. 84-380, and remand to the Court of Common Pleas for return to PSC, who shall make the proper adjustment in customer utility rates brought about by deletion of the account from Company's rate base.

Reversed and remanded.

LITTLEJOHN, C. J., NESS and HARWELL, JJ., and JASPER M. CURETON, Acting Associate Justice, concur.