22854

Lenora LLOYD, Respondent v. Franklin S. LLOYD, The State of South Carolina, The South Carolina Retirement System, United States Civil Service Commission and United States of America. Appeal of The SOUTH CAROLINA RETIREMENT SYSTEM and Franklin S. Lloyd.

(367 S. E. (2d) 153)

Supreme Court

56

*T. Travis Medlock, Atty. Gen.,* and *Kenneth P. Woodington, Sr. Asst. Atty. Gen.,* Columbia, *for appellant S. C. Retirement System.*

*Ray L. Derrick,* Columbia, *for appellant Franklin S. Lloyd.*

*Betty J. Gambrell Cobb,* Columbia, *for respondent.*

Heard Jan. 18, 1988.

Decided April 4, 1988.

NESS, Chief Justice:

The family court issued an order purporting to attach and sequester appellant Lloyd's (Husband's) state retirement account for respondent Lloyd's (Wife's) support. Both Husband and the South Carolina Retirement System (State) appeal. We reverse.

Husband and Wife divorced in 1984. The divorce decree approved an agreement whereby Husband agreed to pay Wife support and that Wife would remain the beneficiary of Husband's state retirement account unless she remarried. Husband agreed that he would not withdraw the funds without Wife's consent and that he would do nothing to prejudice Wife's interest in the account.

Husband subsequently quit his state job and ceased paying Wife support. Wife brought this action seeking an injunction, enforcement of the agreement, and support

arrearages when Husband initiated proceedings to withdraw his retirement funds. The injunction was granted and Husband withdrew his request for the funds.

The family court held that it could garnish and attach Husband's retirement account pursuant to S. C. Code Ann. § 20-7-1315 (Supp. 1987). It found the account contained approximately $14,500 and ordered the state to disburse $600 for court costs, $500 for attorney's fees, and $6,762.36 for support arrearages. Additionally, the order required the State to pay Wife $570/month until further order of the court or until the fund is exhausted. Both the State and Husband filed Notices of Intent to Appeal and this Court granted the State's petition for supersedeas.

Husband subsequently abandoned his appeal and Wife contends that the State lacks standing to maintain this appeal. We find, however, that the State has standing to appeal this order which requires it to make certain payments. *See* S. C. Code Ann. § 18-1-30 (1976); *see also Michigan Public School Employees' Retirement Board v. Peterson,* 39 Mich. App. 568, 197 N. W. (2d) 854 (1972); *Prewitt v. Smith,* 528 S. W. (2d) 893 (Tex. Civ. App. 1975) (both cases involve attorneys general appeals of challenges to statutes analogous to § 9-1-1680).

The State contends the family court's holding that it could garnish and attach Husband's retirement account under § 20-7-1315 was erroneous for two reasons. First, the state contends this holding violates S. C. Code Ann. § 9-1-1680 (1986) which provides in pertinent part that, "The right of a person to ... a retirement allowance or to the return of contributions ... and the moneys of the [retirement] system, are hereby exempted from ... garnishment, attachment or any other process whatsoever...."

Section 9-1-1680 was first enacted in 1945. In 1985, the General Assembly enacted § 20-7-1315 which provides for the withholding of certain types of income to secure payment of support obligations. Section 20-7-1315(A)(5) defines income as *"any form of payment* to an individual regardless of source including ... *retirement benefits and any other payments* made by ... an agency ... of the state government...." (emphasis added). As a general principle, specific laws prevail over general laws, and later

legislation takes precedence over earlier legislation. *Duke Power Company v. South Carolina Public Service Commission,* 284 S. C. 81, 326 S. E. (2d) 395 (1985). Since § 20-7-1315 is both more specific and more recent than § 9-1-1680, we hold that garnishment and attachment of income from a State retirement account is available in a proper case.

We agree, however, with the State's second contention that § 20-7-1315 applies only where a retired individual is actually receiving benefits or a refund from the retirement system and not where, as here, the funds remain in the system. First, § 20-7-1315(A)(5) defines income as "any form of payment" or "any other form of payment." Second, the statute exempts certain amounts from garnishment. § 20-7-1315(A)(5) (a through c). Finally, other statutory provisions refer to "regularly scheduled pay periods." § 20-7-1315(E)(2) and (3). We hold the family court erred in garnishing and attaching Husband's retirement account since he has received neither a return of contributions nor any payments from the retirement system.

The appealed order also states that Husband's retirement account is sequestered under S. C. Code Ann. § 20-7-475 (Supp. 1987). We find it unnecessary to address the propriety of this ruling since the order makes no disposition of the account under the sequestration provisions. We note, however, that the sequestration statute is for enforcement of equitable division awards and not for the enforcement of support orders.

We reverse the family court's order to the extent it requires the State to make payments from Husband's retirement account.

Reversed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.