23956

Wilbur M. LANGLEY and Marguerite L. Petersen, Personal Representative of the Estate of Frances F. Langley, Deceased, Plaintiff-Appellants v. Alan D. PIERCE, M.D., Defendant-Respondent.

(438 S.E. (2d) 242)

Supreme Court

*Ellis I. Kahn* and *Justin S. Kahn,* of *Solomon, Kahn, Budman & Stricker,* Charleston, *for plaintiff-appellants.*

*James D. Brice* and *Edwin P. Martin, Jr.,* of *Gibbes & Clarkson, P.A.,* Greenville, *for defendant-respondent.*

Heard Sept. 22, 1993.

Decided Nov. 8, 1993.

CHANDLER, Justice:

Pursuant to Rule 228 SCACR, the following question has been certified from the United States Court of Appeals for the Fourth Circuit:

> Was the Statute of Repose contained in S.C. Code Ann. § 15-3-545 (Supp. 1992) tolled by S.C. Code Ann. § 15-3-30 (1976) when [the Defendant] Dr. Pierce moved from South Carolina in 1984?

## FACTS

In 1979 and 1980, Defendant Dr. Pierce, a resident of South Carolina, removed two lesions from Plaintiff's (Langley's) leg, which lesions he diagnosed benign. In 1984, he moved to Florida. In 1990, a third lesion removed from Langley's leg was diagnosed malignant; the pathologist examining the 1990 sample determined that the 1979 and 1980 lesions, at the time of their removal by Dr. Pierce, were malignant.

In 1991, Mrs. Langley filed her diversity suit in Federal District Court.[1]

District Court granted Dr. Pierce summary judgment, holding that § 15-3-545(A), the six-year statute of repose for medical malpractice, barred the claim. Langley appealed to the Fourth Circuit Court of Appeals, contending that the six-year statute of repose in § 15-3-545(A) was tolled by § 15-3-30 when Dr. Pierce moved from South Carolina in 1984. The question was certified by the Fourth Circuit to this Court. 994 F. (2d) 36.

## ISSUE

When a defendant is continuously absent from South Carolina, does §15-3-30 toll the ultimate repose provision contained in § 15-3-545?

## DISCUSSION

Section 15-3-545(A) (Supp. 1990), the statute of repose governing medical malpractice actions accruing after April, 1988,[2] provides:

> any action ... to recover damages for injury to the person arising out of any medical ... treatment, omission, or operation ... must be commenced within three years from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, *not to exceed six years from date of occurrence, or as tolled by this section.* (Emphasis supplied.)

---

[1] Mrs. Langley passed away in 1992 and the Personal Representative has been substituted.

[2] The parties agree that Mrs. Langley's action accrued in 1990, upon discovery of Dr. Pierce's misdiagnosis.

Section 15-3-30 (1976), the tolling statute, §15-3-30 (1976), provides:

[if] when a cause of action shall accrue against any person he shall be out of the State, such *action may be commenced within the terms in this chapter* respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside out of this State ... for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action. (Emphasis supplied.)

Langley contends that inclusion of the language "in this chapter" renders the tolling statute applicable to claims under § 15-3-545. We disagree.

The "primary function in interpreting a statute is to ascertain the intent of the legislature." *Browning v. Hartvigsen,* 307 S.C. 122, 414 S.E. (2d) 115, 117 (1992). Generally, specific laws prevail over general laws, and later legislation takes precedence over earlier legislation. *Lloyd v. Lloyd,* 295 S.C. 55, 367 S.E. (2d) 153 (1988).

Here, § 15-3-545 specifically provides that an action for medical malpractice must be commenced within "six years from date of occurrence, *or as tolled by this section.*" Subsection (D) of 15-3-545 provides a limited tolling provision, applicable only to minors. Inclusion of the phrase *"or as tolled by this section"* in subsection (A) clearly indicates that the *only* tolling of § 15-3-545(A) intended by the legislature is that contained in subsection (D).

Moreover, this Court has recognized that the six-year repose provision in § 15-3-545 "constitutes an outer limit beyond which a medical malpractice claim is barred, regardless of whether it has or should have been discovered." *Hoffman v. Powell,* 298 S.C. 338, 339, 380 S.E. (2d) 821 (1989).

In discussing the distinction between a statute of limitations and a statute of repose, the Fourth Circuit Court of Appeals recently held:

A statute of limitations is a procedural device that operates as a defense to limit the remedy available from an

existing cause of action. *Goad v. Celotex Corp.*, 831 F. (2d) 508, 511 (4th Cir. 1987), *cert. denied*, 487 U.S. 1218, 108 S.Ct. 2871, 101 L.Ed. (2d) 906 (1988). A statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time. *Id.*

*First United Methodist Church v. U.S. Gypsum Co.*, 882 F. (2d) 862, 865-866 (4th Cir. 1989), *cert. denied*, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed. (2d) 1020 (1990). The Court held, further, that "a statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason because to do so would upset the economic balance struck by the legislative body." *Id.* (citing *Knox v. AC & S, Inc.*, 690 F. Supp. 752, 759 [S.D. Ind. (1988)]).

Similarly, in *Kissel v. Rosenbaum*, 579 N.E. (2d) 1322 (Ind. App. 1st Dist. 1991), involving a 10-year outside limitation in which to bring suit for defects in construction, the Court discussed the rationale for statutes of repose:

> A statute of repose constitutes a substantive definition of rights rather than a procedural limitation provided by a statute of limitation. *See Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E. (2d) 415 (1982).
>
> * * * * *
>
> Statutes of repose are based upon considerations of the economic best interests of the public as a whole and are substantive grants of immunity based upon a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists.
>
> * * * * *
>
> Society benefits when claims and causes are laid to rest after having been viable for reasonable time. When causes of action are extinguished after such time, society generally may continue its business and personal relationships in peace, without worry that some cause of action may arise to haunt it because of some long-forgotten act or omission. This is not only for the convenience of society but also due to necessity. At that point, society is secure and stable.

579 N.E. at 1326-1328

This Court has previously upheld tolling provisions against absent defendants. *See Parker v. S.C. Public Service Comm'n,* 285 S.C. 231, 328 S.E. (2d) 909 (1985); *Cutino v. Ramsey,* 285 S.C. 74, 328 S.E. (2d) 72 (1985) *Harris v. Dunlap,* 285 S.C. 226, 328 S.E. (2d) 908 (1985). However, each of these cases involved a statute of limitations, not one of repose.

## CONCLUSION

We hold that the statute of repose contained in § 15-3-545 (Supp. 1992) was not tolled when Dr. Pierce moved from South Carolina in 1984.

Certified question answered.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.