THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jane L.
 Williamson, Appellant,
 v.
 Vanguard Homes,
 Inc.; Dryvit Systems, Inc.; Caradon Peachtree, Inc., f/k/a Peachtree Doors,
 Inc.; Moser Design Group, Inc., and Coastal Concepts, Inc., Defendants,
 of whom
 Vanguard Homes,
 Inc., is Respondent.
 
 
 

Appeal from Beaufort County
 Curtis L. Coltrane, Master-In-Equity

Unpublished Opinion No. 2008-UP-533
 Submitted September 2, 2008  Filed
September 11, 2008    

AFFIRMED

 
 
 
 Thomas J. Finn, of Hilton Head, for Appellant.
 Ryan A. Earhart and Robert W. Whelan, of Charleston, for
 Respondent.
 
 
 

PER CURIAM: 
 Jane Williamson sued Vanguard
 Homes, Inc. for alleged defects arising out of the construction of her home on Hilton Head Island.  The master granted summary judgment in favor of Vanguard based on the
 statute of repose, and Williamson appealed.  
We affirm pursuant to Rule 220(b), SCACR, and the following authority.
 1.  As to the issue of whether the master
 in equity improperly shifted the burden of proof:  Wilder Corp. v. Wilke,
 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be
 raised for the first time on appeal, but must have been raised to and ruled
 upon by the trial judge to be preserved for appellate review.).  
2.  As to the issue whether the master erred in determining that the statute of repose was not tolled by the
 delivery of the Summons and Complaint to the sheriff.: Hodges v. Rainey,
 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) (Where the statutes language is
 plain and unambiguous, and conveys a clear and definite meaning the rules of
 statutory interpretation are not needed and the court has no right to impose
 another meaning.); Langley v. Pierce, 313 S.C. 401, 404, 438
 S.E.2d 242, 243 (1993) (quoting First United Methodist Church v. U.S. Gypsum
 Co., 882 F.2d 862, 865-66 (4th Cir. 1989)) (the statute of repose is
 typically an absolute time limit beyond which liability no longer exists and is
 not tolled for any reason because to do so would upset the economic balance
 struck by the legislative body.).
3. 
 As to the issue of whether the master erred in finding that the gross
 negligence exception in the statute of repose was inapplicable Bradley v.
 Doe, 374 S.C. 622, 625, 649 S.E.2d 153, 155 (Ct. App. 2007) (Once the
 party moving for summary judgment meets the initial burden of showing an
 absence of evidentiary support for the opponents case, the opponent cannot
 simply rest on mere allegations or denials contained in the pleadings.  Rather,
 the nonmoving party must come forward with specific facts showing there is a genuine
 issue for trial.).  
AFFIRMED.
HEARN,
 C.J., HUFF and GEATHERS, JJ., concur.