394 S.C. 68 (2011)
713 S.E.2d 639
COLUMBIA/CSA-HS GREATER COLUMBIA HEALTHCARE SYSTEM, LP d/b/a Providence Hospital, Appellant,
v.
The SOUTH CAROLINA MEDICAL MALPRACTICE LIABILITY JOINT UNDERWRITING ASSOCIATION and Michael P. Taillon, Respondents.
No. 4819.
Court of Appeals of South Carolina.
Heard December 9, 2010.
Decided April 13, 2011.
*70 C. Mitchell Brown, William C. Wood, Jr., Michael J. Anzelmo, and Monteith P. Todd, all of Columbia, for Appellant.
Andrew F. Lindemann and J. Edward Bradley, both of West Columbia, for Respondents.
LOCKEMY, J.
In this action for equitable indemnification, Columbia/CSA-HA Greater Columbia Healthcare System d/b/a Providence Hospital (Providence Hospital) appeals, arguing the trial court erred in granting the South Carolina Medical Malpractice Liability Joint Underwriting Association (the JUA) and Dr. Michael P. Taillon's motion for summary judgment based upon the six-year medical malpractice statute of repose. We affirm.

FACTS
On May 31, 1997, Arthur Sharpe sought treatment for chest pain at Providence Hospital's emergency room. Dr. Michael Hayes treated Sharpe initially; however, shortly thereafter Taillon assumed Sharpe's care. Taillon diagnosed Sharpe with reflux and discharged him. Several days later, Sharpe sought treatment at Lexington County Hospital and was diagnosed as having suffered a heart attack. Two years later, on May 25, 1999, Sharpe sued Dr. Hayes and Providence Hospital based upon an apparent agency theory. See, e.g., Simmons v. Tuomey Reg'l Med. Ctr., 341 S.C. 32, 533 S.E.2d 312 (2000). Discovery revealed Taillon examined, diagnosed, and treated Sharpe. At some point afterward, the record is silent as to exactly when, Providence Hospital demanded indemnification from Taillon and the JUA. Taillon and the JUA declined to assume the defense or indemnify Providence Hospital on May 4, 2004. On June 10, 2004, Providence Hospital settled Sharpe's lawsuit for $350,000.[1]
*71 Three years later, on June 7, 2007, Providence Hospital brought this action against Taillon and the JUA for equitable indemnification. Approximately a year after filing an answer, Taillon and the JUA moved to amend their answer to assert a statute of repose defense pursuant to section 15-3-545(A) of the South Carolina Code (2005), and for summary judgment based upon the statute of repose. After a hearing, the trial court granted Taillon and the JUA leave to amend their answer and granted summary judgment, finding Providence Hospital's action for equitable indemnification was barred by the statute of repose. Providence Hospital filed a Rule 59(e), SCRCP, motion, arguing the trial court erred in allowing Taillon and the JUA to amend their answer and in granting summary judgment. The trial court denied Providence Hospital's motion. This appeal followed.

ISSUE ON APPEAL
Did the trial court err in finding section 15-3-545(A) of the South Carolina Code (2005) barred Providence Hospital's claim for equitable indemnification against Taillon and the JUA?

STANDARD OF REVIEW
"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). Pursuant to Rule 56(c), summary judgment is appropriate when "there is no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." "When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." Fleming, 350 S.C. at 493-94, 567 S.E.2d at 860.

LAW/ANALYSIS
Providence Hospital argues the trial court erred in finding section 15-3-545(A) of the South Carolina Code (2005) barred its claim for equitable indemnification. Specifically, Providence Hospital contends the plain language of section *72 15-3-545(A) indicates it does not apply to its action for equitable indemnification. We disagree.
Section 15-3-545(A), titled "Actions for medical malpractice," provides:
In any action . . . to recover damages for injury to the person arising out of any medical, surgical, or dental treatment, omission, or operation by any licensed health care provider . . . acting within the scope of his profession must be commenced within three years from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, not to exceed six years from date of occurrence, or as tolled by this section.
The plain language of section 15-3-545(A) indicates it applies to "any action" that seeks "to recover damages for injury to the person" arising out of medical malpractice. See First Baptist Church of Mauldin v. City of Mauldin, 308 S.C. 226, 229, 417 S.E.2d 592, 593 (1992) ("In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation.").
Generally, "[a] plaintiff may maintain an equitable indemnification action if he was compelled to pay damages because of negligence imputed to him as the result of another's tortious act." Fowler v. Hunter, 388 S.C. 355, 363, 697 S.E.2d 531, 535 (2010). In order to prove it is entitled to equitable indemnification, Providence Hospital must show (1) Taillon was liable for causing Sharpe's damages, (2) it was exonerated from any liability for those damages, and (3) it suffered damages as a result of Sharpe's medical malpractice action which was eventually proven to be the fault of Taillon. See id. To recover settlement costs under the rule of equitable indemnification, Providence Hospital must also prove (1) the settlement is bona fide, with no fraud or collusion by the parties, (2) under the circumstances, the decision to settle was a reasonable means of protecting its interest, and (3) the amount of the settlement was reasonable in light of Sharpe's damages and the risk and extent of its exposure if the case is tried. See Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp., 336 S.C. 53, 62, 518 S.E.2d 301, 306 (Ct.App.1999).
*73 Under our equitable indemnification rule, Providence Hospital's entitlement to equitable indemnification is predicated upon Taillon's liability to Sharpe in tort. Here, Taillon's liability for Sharpe's injuries is undetermined. Because Providence Hospital must establish Taillon's liability for Sharpe's damages in order to show it is entitled to equitable indemnification, we find Providence Hospital's action is an action to recover damages for injury to the person.
Providence Hospital argues it is seeking settlement costs, not damages for injury to the person. We find this distinction unavailing. Providence Hospital's entitlement to equitable indemnification rests upon its obligation to pay damages because of negligence imputed to it as the result Taillon's allegedly tortious acts. Further, settlement costs are recoverable only if they are reasonable in light of plaintiff's damages and the risk and extent of the defendant's exposure if the case is tried. Id. The $350,000 Providence Hospital paid for a release from Sharpe's action is directly related to and arises from Shape's damages.
Furthermore, section 15-3-545 defines its scope negatively. Section 15-3-545(A) defines the general scope of the medical malpractice statute of repose, while sections 15-3-545(B)-(D) enumerate the specific claims to which statute of repose is inapplicable. Section 15-3-545 does not expressly exclude actions for equitable indemnification predicated upon proving liability in the underlying medical malpractice action. "The enumeration of exclusions from the operation of a statute indicates that the statute should apply to all cases not specifically excluded." German Evangelical Lutheran Church of Charleston v. City of Charleston, 352 S.C. 600, 607, 576 S.E.2d 150, 153 (2003) (internal quotation marks and citation omitted). "Exceptions strengthen the force of the general law and enumeration weakens it as to things not expressed." Id. (internal quotation marks and citation omitted). For the foregoing reasons, we conclude section 15-3-545(A) bars Providence Hospital's claim for equitable indemnification.
Our conclusion is consistent with the holdings of several other courts which have considered similar issues. See, e.g., Hayes v. Mercy Hosp. & Med. Ctr., 136 Ill.2d 450, 145 Ill.Dec.894, 557 N.E.2d 873, 876 (1990) (holding an action for contribution *74 is an "action for damages" under Illinois's medical malpractice statute of repose because the basis for a contributor's liability rests in tort to the injured party); Ashley v. Evangelical Hosp. Corp., 230 Ill.App.3d 513, 171 Ill.Dec. 749, 594 N.E.2d 1269, 1271-76 (1992) (applying the reasoning employed in Hayes and holding Illinois's medical malpractice statute of repose applies to actions for indemnity); Krasaeath v. Parker, 212 Ga.App. 525, 441 S.E.2d 868, 870 (1994) (finding an action for contribution was barred by Georgia's medical malpractice statute of repose because it was predicated on proof of the alleged contributor's professional negligence); cf. Virginia Ins. Reciprocal v. Pilzer, 278 Ga. 190, 599 S.E.2d 182, 184 (2004) (holding Georgia's medical malpractice statute of repose does not apply to contribution actions when the contributor's negligence was established in the underlying medical malpractice action).
Finally, our conclusion comports with the policy considerations supporting South Carolina's medical malpractice statute of repose. "A statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time." Langley v. Pierce, 313 S.C. 401, 404, 438 S.E.2d 242, 243 (1993). The Langley court continued:
Statutes of repose are based upon considerations of the economic best interests of the public as a whole and are substantive grants of immunity based upon a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists.
Society benefits when claims and causes are laid to rest after having been viable for reasonable time. When causes of action are extinguished after such time, society generally may continue its business and personal relationships in peace, without worry that some cause of action may arise to haunt it because of some long-forgotten act or omission. This is not only for the convenience of society but also due to necessity. At that point, society is secure and stable.
Id. at 404-05, 438 S.E.2d at 244 (quoting Kissel v. Rosenbaum, 579 N.E.2d 1322, 1328 (Ind.Ct.App.1991)). The expiration of a statute of repose extinguishes all causes of action, including *75 those that may later accrue and those that have already accrued. Capco of Summerville, Inc. v. J.H. Gayle Constr. Co., 368 S.C. 137, 142, 628 S.E.2d 38, 41 (2006). Here, Providence Hospital brought its action for equitable indemnification ten years after the date of treatment and four years after the statute of repose expired. Providence Hospital knew Taillon may be responsible for some or all of Sharpe's damages as early as discovery in the underlying medical malpractice action. Allowing Providence Hospital's claim for equitable indemnification predicated upon proving Taillon's liability would, in effect, allow Providence Hospital to subject Taillon to liability for medical malpractice after the legislatively proscribed six-year statute of repose expired and run afoul of the policy considerations supporting section 15-3-545(A).

CONCLUSION
We hold the trial court properly granted Taillon and the JUA's motion for summary judgment. The decision of the trial court is hereby
AFFIRMED.
HUFF and KONDUROS, JJ., concur.
NOTES
[1] Providence Hospital never sought to implead Taillon and the JUA pursuant to Rule 14(a), SCRCP.