*559 Justice KITTREDGE.
At issue in this case is whether the medical malpractice statute of repose[1] applies to the indemnity claim of Petitioner Columbia/CSA-HS Greater Columbia Healthcare System, LP (Providence Hospital). The trial court and the court of appeals held that it does and thus bars the indemnity action brought by Providence Hospital. Because we conclude that Providence Hospital’s indemnity action is barred by the statute of repose, we affirm.
I.
On May 31, 1997, Dr. Michael Hayes and Dr. Michael Taillon were working as emergency room physicians at Providence Hospital, presumably as independent contractors.[2] Arthur Sharpe came to the Providence Hospital emergency room on the same date, complaining of chest pain. Dr. Hayes and Dr. Taillon evaluated Sharpe and diagnosed him as suffering from reflux. Sharpe was discharged. Sharpe had actually suffered a heart attack, which was determined a few days later when he sought further medical care elsewhere.
Because of the misdiagnosis, on May 25, 1999, Sharpe and his wife filed a medical malpractice and loss of consortium action against Providence Hospital and Dr. Hayes. The Sharpes did not name Dr. Taillon as a defendant. Providence Hospital settled with the Sharpes on June 10, 2004.
On June 7, 2007, Providence Hospital filed this equitable indemnification action against Dr. Taillon and his medical malpractice insurer, The South Carolina Medical Malpractice Liability Joint Underwriting Association (collectively Respondents). Respondents moved for summary judgment on the ground that the medical malpractice statute of repose bars Providence Hospital’s claim and the circuit court granted the motion on that basis. Providence Hospital appealed, and the *560 court of appeals affirmed. Columbia/CSA-HS Greater Columbia Healthcare Sys. v. S.C. Med. Malpractice Liab. Joint Underwriting Ass’n, 394 S.C. 68, 75, 713 S.E.2d 639, 642 (Ct.App.2011). We granted certiorari to review the court of appeals’ decision.
II.
An appellate court reviews the grant of summary-judgment using the same standard employed by the circuit court. Lanham v. Blue Cross & Blue Shield of S.C., Inc., 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). Summary judgment is proper where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56(c), SCRCP; Tupper v. Dorchester Cnty., 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997). “‘Questions of statutory interpretation are questions of law, which we are free to decide without any deference to the court below.’ ” Grier v. AMISUB of S.C., Inc., 397 S.C. 532, 535, 725 S.E.2d 693, 695 (2012) (quoting CFRE, LLC v. Greenville Cnty. Assessor, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011)).
III.
The General Assembly has enacted a six-year statute of repose for medical malpractice actions. S.C.Code Ann. § 15-3-545. “A statute of repose creates a substantive right in those protected to be free from liability after a legislatively determined period of time.” Capco of Summerville, Inc. v. J.H. Gayle Constr. Co., 368 S.C. 137, 142, 628 S.E.2d 38, 41 (2006) (citing Langley v. Pierce, 313 S.C. 401, 403-04, 438 S.E.2d 242, 243 (1993)). “A statute of repose is typically an absolute time limit beyond which liability no longer exists and is not tolled for any reason because to do so would upset the economic balance struck by the legislative body.” Id. (emphasis added) (citing Langley, 313 S.C. at 404, 438 S.E.2d at 243). Thus, “ ‘[statutes of repose by their nature impose on some plaintiffs the hardship of having a claim extinguished before it is discovered, or perhaps before it even exists.’ ” Id. (quoting Camacho v. Todd & Leiser Homes, 706 N.W.2d 49, 54 n. 6 (Minn.2005)).
*561 The question before us is whether Providence Hospital’s claim for equitable indemnification is subject to the six-year statute of repose in section 15-3-545. “The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature.” Hodges v. Rainey, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) (quoting Charleston Cnty. Sch. Dist. v. State Budget and Control Bd., 313 S.C. 1, 5, 437 S.E.2d 6, 8 (1993)).
Section 15-3-545(A) provides:
In any action ... to recover damages for injury to the person arising out of any medical, surgical, or dental treatment, omission, or operation by any licensed health care provider ... acting within the scope of his profession must be commenced within three years from the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, not to exceed six years from date of occurrence, or as tolled by this section.
The statute of repose applies to an action “to recover damages for injury to the person arising out of any medical, surgical, or dental treatment, omission, or operation.” Under any construction of the statute, the language must include the claim against Dr. Taillon to establish medical malpractice, which has never been determined. As the court of appeals noted:
In order to prove it is entitled to equitable indemnification, Providence Hospital must show (l)[Dr.] Taillon was liable for causing Sharpe’s damages, (2) it was exonerated from any liability for those damages, and (3) it suffered damages as a result of Sharpe’s medical malpractice action which was eventually proven to be the fault of [Dr.] Taillon.
Columbia, 394 S.C. at 72, 713 S.E.2d at 641 (citation omitted). As the court of appeals correctly concluded, “[b]ecause Providence Hospital must establish [Dr.] Taillon’s liability for Sharpe’s damages in order to show it is entitled to equitable indemnification, we find Providence Hospital’s action is an action to recover damages for injury to the person.” Id. at 73, 713 S.E.2d at 641. Thus, Providence Hospital may not prevail on its equitable indemnification claim unless it proves that Dr. Taillon is liable to Sharpe for damages for injury to the person, which falls squarely within the language of the statute *562 of repose.[3] Under these circumstances, we believe the legislature intended section 15-3-545(A) to bar Providence Hospital’s indemnity action.
The dissent attempts to minimize this essential element of Providence Hospital’s claim, referring to it as “but one element” and that “proof of the underlying tortfeasor’s liability is only one element that the hospital must prove.” But it is an element that is unquestionably part of section 15-3-545(A) and therefore is controlled by the statute of repose.
While the dissent would construe Providence Hospital’s claim for indemnification as beyond the reach of section 15-3-545, we observe that the General Assembly has limited the reach of the statute of repose by setting forth exceptions. Section 15-3-545(B) excludes from the operation of the statute of repose actions where a foreign object, such as a surgical instrument, is left in the “body or person of any one” and permits these actions to “be commenced within two years from date of discovery or when it reasonably ought to have been discovered.” Section 15-3-545(0) excludes actions that arose “prior to June 10, 1977[,]” and section 15-3-545(D) contains a tolling provision for persons under the age of majority. If the General Assembly desires to expand those exceptions to include the situation presented here, that decision lies exclusively in the Legislative Branch.
Finally, Providence Hospital argues that its view of legislative intent concerning the medical malpractice statute of repose is supported by reference to the construction statute of repose,[4] which expressly includes a reference to indemnity actions. We disagree, for we view the language and structure of the medical malpractice and construction statutes of repose differently. The medical malpractice statute of repose expressly excludes several categories of claims from its reach, as noted above. S.C.Code Ann. § 15-3-545(B)-(D). Indemnity actions are not excluded. Id. In contrast, the construction statute of repose expressly defines what types of actions are *563 included, listing nine discrete categories of actions. Id. § 15-3 — 640(1)—(9) (2013). Included among these are “action[s] for contribution or indemnification for damages sustained on account of an action described in this section.” Id. § 15-3-640(6).
We agree with Providence Hospital that the language of the construction statute of repose demonstrates that the General Assembly can expressly include indemnity claims in a statute of repose, yet the General Assembly is free to structure a statute of repose as it sees fit. The medical malpractice statute of repose and the construction statute of repose are drafted in entirely different ways. The former includes broad and expansive language and then lists what claims are not included in the statute of repose, while the latter lists the types of claims that are included in the statute of repose. Because the General Assembly structured the medical malpractice statute of repose and the construction statute of repose in different ways, we do not believe Providence Hospital’s syncretistic approach to statutory construction is an effective approach to discerning legislative intent.
In this case, Sharpe walked into Providence Hospital’s emergency room over seventeen years ago. There was no allegation of medical malpractice against Dr. Taillon, much less any adjudication, within the statute of repose. Permitting Providence Hospital’s indemnity claim to proceed at this juncture would “allow Providence Hospital to subject [Dr.] Taillon to liability for medical malpractice after the legislatively proscribed six-year statute of repose expired.” Columbia, 394 S.C. at 75, 713 S.E.2d at 642. Such a result would be fundamentally at odds with the language and manifest purpose of the statute of repose.
I — <
We find that the medical malpractice statute of repose bars Providence Hospital’s indemnity claim. We affirm.
AFFIRMED.
PLEICONES and BEATTY, JJ„ concur.
TOAL, C.J., dissenting in a separate opinion in which HEARN, J., concurs.

. S.C.Code Ann. § 15-3-545 (2005).

. Cf. Simmons v. Tuomey Reg’l Med. Ctr., 341 S.C. 32, 53, 533 S.E.2d 312, 323 (2000) (affirming as modified the court of appeals imposing "a nondelegable duty on hospitals with regard to the physicians who practice in their emergency rooms” and adopting the Restatement (Second) of Torts § 429).

. We agree with the court of appeals that, in this context, there is no distinction between seeking settlement costs or damages for injury to the person, for both require proving Dr. Taillon's liability for Sharpe's damages.

. S.C.Code Ann. § 15-3-640 (2013).