**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Horry Electric Cooperative, Inc., Appellant,

v.

South Carolina Public Service Authority and Southern Electric International, Inc., Defendants,

Of whom South Carolina Public Service Authority is the Respondent.

Appellate Case No. 2014-001685

———————

Appeal From Horry County
Roger M. Young, Sr., Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-401
Heard February 2, 2016 – Filed August 10, 2016

———————

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED**

———————

Pope D. Johnson, III, of Columbia, for Appellant.

William Coleman Hubbard, Benjamin Rush Smith, III, and Allen Mattison Bogan, all of Nelson Mullins Riley & Scarborough, LLP, of Columbia; and Elizabeth H. Warner and J. Michael Baxley, both of Moncks Corner,

for Respondent.

_____

**PER CURIAM:**  Horry Electric Cooperative (HEC) appeals the trial court's order dismissing without prejudice HEC's claim against South Carolina Public Service Authority (Santee Cooper) for equitable indemnification and dismissing with prejudice HEC's claims for negligence, breach of duty of good faith and fair dealing, breach of warranty, and civil conspiracy.  We affirm in part, reverse in part, and remand.

We agree with HEC's argument the trial court erred in finding its claim for equitable indemnification was not ripe.  *See Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 227, 467 S.E.2d 913, 917-18 (1996) ("A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute." (quoting *Pee Dee Elec. Coop., Inc. v. Carolina Power & Light Co.*, 279 S.C. 64, 66, 301 S.E.2d 761, 762 (1983))); *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 307 S.C. 128, 130, 414 S.E.2d 118, 120 (1992) (stating a claim for equitable indemnification allows an innocent party to recover "the amount the innocent party must pay to a third party because of the at-fault party's breach of contract or negligence as well as attorney fees and costs which proximately result from the at-fault party's breach of contract or negligence"); *McCoy v. Greenwave Enters, Inc.*, 408 S.C. 355, 359, 759 S.E.2d 136, 138 (2014) (explaining reasonable attorney's fees incurred in resisting the indemnified claim may be recovered in contractual or equitable indemnification); *Columbia/CSA-HS Greater Columbia Healthcare Sys., LP v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 411 S.C. 557, 568, 769 S.E.2d 847, 852 (2015) (Toal, C.J., dissenting) ("[T]he innocent party's right to sue for indemnification does not accrue until it actually sustains damages through either paying an injured party on behalf of the tortfeasor, or incurring attorneys' fees from defending itself in the underlying tort suit.").  In its amended complaint, HEC asserted it had incurred attorney's fees and costs in defending the underlying action.  Accepting this allegation as true, the cause of action for equitable indemnification had accrued.  *See Morrow Crane Co. v. T.R. Tucker Constr. Co.*, 296 S.C. 427, 429, 373 S.E.2d 701, 702 (Ct. App. 1988) ("The trial court and this court on appeal must presume all well pled facts to be true.").  Further, the order approving the settlement agreement confirmed HEC's potential liability in the underlying action and awarded the class counsel $990,000 in attorney's fees.  Thus, at the time the trial court entered its order, there existed more than a hypothetical dispute.  We agree with HEC's argument it would be prejudiced by the dismissal even though the trial court provided the dismissal was

without prejudice because the later refiling date may lead to the statute of repose barring additional claims for damages.[1]

We affirm the trial court's dismissal of HEC's remaining causes of action because they are not independent causes of action from the equitable indemnification claim. *See Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Builders FirstSource-Se. Grp.*, 413 S.C. 630, 639, 776 S.E.2d 434, 439 (Ct. App. 2015) (finding the circuit court properly granted summary judgment on the appellant's breach of contract and breach of warranty cross-claims because they were not independent causes of action from the appellant's equitable indemnity claim), *cert. pending*; *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Clear View Constr., LLC*, 413 S.C. 615, 624, 776 S.E.2d 426, 431 (Ct. App. 2015) (finding the circuit court properly granted summary judgment on the appellant's negligence cross-claim because it was not an independent cause of action from the appellant's equitable indemnity claim).[2]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**HUFF, KONDUROS, and GEATHERS, JJ. concur.**

---

[1] We decline to address Santee Cooper's additional sustaining grounds. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) (holding when reversing a lower court's decision it is within an appellate court's discretion as to whether to address any additional sustaining grounds).

[2] At oral argument, HEC conceded these cases supported dismissal of the remaining causes of action.