**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James E. Hensley, Appellant,

v.

Giles Homes, LLC f/k/a Giles Industries of Tazewell, Inc., Respondent.

Appellate Case No. 2017-000618

Appeal From Orangeburg County
R. Knox McMahon, Circuit Court Judge,

Unpublished Opinion No. 2018-UP-291
Submitted June 1, 2018 – Filed June 27, 2018

**AFFIRMED**

Lawrence Keitt, of Law Office of Lawrence Keitt, of Orangeburg, for Appellant.

Kimila Lynn Wooten, of Elmore Goldsmith, PA, of Greenville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 56(c), SCRCP ("[Summary] judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."); *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56(c), SCRCP."); *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991) ("Under Rule 56(c), the party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine issue of material fact."); *Singleton v. Sherer*, 377 S.C. 185, 197-98, 659 S.E.2d 196, 203 (Ct. App. 2008) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* at 198, 659 S.E.2d at 203 ("The nonmoving party must come forward with specific facts showing there is a genuine issue for trial."); S.C. Code Ann. § 15-3-640 (Supp. 2017) ("No actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought more than eight years after substantial completion of the improvement."); *Langley v. Pierce*, 313 S.C. 401, 404, 438 S.E.2d 242, 243 (1993) ("A statute of repose creates a substantive right in those protected to be free from liability after a legislatively-determined period of time." (quoting *First United Methodist Church of Hyattsville v. U.S. Gypsum Co.*, 882 F.2d 862, 866 (4th Cir. 1989))).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.