**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Builders Firstsource-Southeast Group, LLC, Appellant,

v.

MI Windows And Doors, INC.; ECC Contracting, LLC; Hurley Services, LLC; and Charleston Exteriors, LLC, Respondents.

Appellate Case No. 2020-000415

———————

Appeal From Berkeley County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-072
Heard March 15, 2023 – Filed February 26, 2025

———————

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

———————

Stephen P. Hughes and William Hewitt Cox, III, both of Howell Gibson & Hughes, PA, of Beaufort, for Appellant.

James H. Elliott, Jr. and Francis Heyward Grimball, both of Richardson Plowden & Robinson, PA, and L. Dean Best and Mark Shanter Chaparro, both of Best Law, P.A., all of Mount Pleasant, for Respondent ECC Contracting, LLC.

Derek Michael Newberry, of Hall Booth Smith, PC, of Mount Pleasant, for Respondents MI Windows and Doors, Inc. and Hurley Services, LLC.

Christopher Clay Olson, of Gordon & Rees, LLP of Charleston, for Respondent Charleston Exteriors, LLC.

---

**MCDONALD, J.:** Builders FirstSource-Southeast Group (BFS) appeals an order granting summary judgment, arguing the circuit court erred in applying a "clear and unequivocal" standard to the analysis of its contractual indemnity language and in finding its claims against certain subcontractors were barred by the statute of limitations. We affirm in part, vacate in part, and remand.

**Facts and Procedural History**

In developing The Abbey at Spring Grove (The Abbey), a residential community in Berkeley County, Lennar Carolinas (Lennar) contracted with BFS to provide and install windows and doors with associated weatherproofing, flashing, and other necessary components. Two BFS subcontractors, ECC Contracting, LLC (ECC) and Charleston Exteriors, LLC (collectively, Respondents), installed the windows at The Abbey. In 2008, BFS entered a Master Subcontractor Agreement (the Agreement) with ECC. BFS entered an identical Agreement with Charleston Exteriors in 2012.

In October 2014, Patricia Damico and other property owners in The Abbey brought construction defect litigation against Lennar and others (the *Damico* litigation).[1] In November 2015, the property owners amended their complaint to add claims related to the exterior windows. Lennar answered and brought third-party claims against various subcontractors, including BFS. Lennar's action against BFS included claims for indemnification, breach of warranty, breach of contract, negligence, and products liability. BFS answered Lennar's third-party complaint on December 15, 2015.

On December 21, 2018, BFS filed this action claiming Respondents were responsible for "provision of materials and/or services in connection with the

---

[1] *See Damico v. Lennar*, 437 S.C. 596, 879 S.E.2d 746 (2022), *cert. denied*, 143 S.Ct. 2581 (2023).

installation of the windows and doors of the subject structures" at The Abbey and sued them for equitable indemnification, contractual indemnification, breach of warranty, breach of contract, negligence, and contribution. BFS alleged it "has been subjected to liability and has incurred consequential damages in having to expend attorneys['] fees and costs" in defending itself in the *Damico* litigation.

In 2019, BFS moved to consolidate this matter with *Damico*, asserting the facts in controversy were identical and the cases involved common questions of law. ECC moved for summary judgment, arguing BFS's claims were barred by the statute of limitations applicable to contract claims. ECC further challenged BFS's contractual indemnity claims as meritless under the "clear and unequivocal" standard and alternatively argued BFS lacked standing because its claims were unripe. Charleston Exteriors raised similar dispositive arguments.

After a hearing, the circuit court granted Respondents summary judgment on BFS's claims for negligence, breach of contract, breach of warranty, and contractual indemnification. The circuit court found the Agreement's indemnification provisions were neither clear nor unequivocal; thus, BFS could not seek contractual indemnification from Respondents for its own negligence, whether concurrent or sole. The circuit court further found BFS's claims for contractual indemnification, negligence, breach of contract, and breach of warranty were barred by the applicable statute of limitations because BFS filed its action against the subcontractors more than three years after receiving notice of its potential claims.[2] As BFS's remaining non-indemnity claims were not separate and distinct from the claims made in *Damico*, the circuit court granted summary judgment on this ground as well. The circuit court found BFS's claims for equitable indemnification and contribution should be consolidated with *Damico*, which at the time of the circuit court arguments had been stayed. The court agreed with BFS that its equitable indemnification claim presented a question of fact and noted the contribution claim had not been challenged at summary judgment.

BFS filed a Rule 59(e), SCRCP, motion, asserting the circuit court erred in applying the statute of limitations to bar some of its claims. In this filing, BFS also addressed the circuit court's interpretation of *Concord & Cumberland Horizontal*

---

[2] *See* S.C. Code Ann. § 15-3-530(1) (2005 & Supp. 2024) (providing a three-year statute of limitations for "an action upon a contract, obligation, or liability, express or implied").

*Property Regime v. Concord & Cumberland, LLC*, 424 S.C. 639, 655, 819 S.E.2d 166, 175 (Ct. App. 2018), stating:

> This Court's December 6, 2019 Order correctly finds that the indemnity language at issue does not meet the elevated standard of being clear and unequivocal and thus the Plaintiff cannot maintain indemnification claims for Plaintiff's negligence.  Nevertheless, pursuant to *Concord and Cumberland* the Plaintiff still has valid indemnification claims for Defendants' negligence.

At the hearing on its Rule 59(e) motion, BFS argued the circuit court should consider whether it lacked jurisdiction to hear the summary judgment motions in light of the *Damico* appeal because all matters affected by the appeal had been automatically stayed.  Following this hearing, the circuit court issued an amended summary judgment order, noting BFS had actual notice of its potential claims against the subcontractors as of the date of its December 2015 answer to Lennar's third-party complaint.  The circuit court further found the statute of limitations for BFS's contract-related claims began to run upon the filing of this responsive pleading and that these claims were time-barred.  The circuit court again found the Agreement's language was confusing and contradictory, and that the indemnity provisions neither clearly nor unequivocally required Respondents to indemnify BFS for its own negligence.  BFS filed a Rule 59(e) motion as to the amended summary judgment order, which the circuit court denied.

**Analysis**

"Rule 56(c) of the South Carolina Rules of Civil Procedure provides that the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) (alterations by the court) (quoting Rule 56(c), SCRCP).

**I.  Contractual Indemnity and the "Clear and Unequivocal" Standard**[3]

---

[3] The heightened "clear and unequivocal" standard applies when "an indemnitee is seeking indemnification for its negligence, whether sole or concurrent."  *Concord & Cumberland*, 424 S.C. at 649, 819 S.E.2d at 172.  We addressed this standard and the language of BFS's relevant master subcontractor Agreements in *Builders*

BFS argues the circuit court erred in applying a heightened standard to the Agreement's indemnity language because BFS does not seek indemnification for its own negligence.  BFS further contends that in granting summary judgment, the circuit court implicitly found Respondents were not negligent.  We disagree.

Our review of BFS's complaint demonstrates it seeks to be indemnified for its concurrent—and perhaps sole—negligence.  BFS claims:

> 30.  That the Defendants, [ECC], Charleston Exteriors, LLC, and Hurley Services, LLC were responsible for provision of materials and/or services in connection with the installation of the windows and doors of the subject structures at The [Abbey] for proper quality control, and for compliance with the contract documents, industry standards, and requirements of relevant building codes.  In the event that the Plaintiff and/or [Lennar] in the underlying action establishes that the materials and/or services provided by [BFS] were not in compliance with the relevant contract documents, industry standards, and/or building code requirements, then and in that event [ECC], Charleston Exteriors, LLC and Hurley Services, LLC has [sic] failed to properly execute its duties, which have allegedly caused the damages alleged by Plaintiffs and/or [Lennar] in the underlying action.
>
> . . . .
>
> 33.  That to the extent, if any, that [BFS] may be held liable to the Plaintiffs and/or [Lennar], and/or to others in the underlying action, such liability would be a direct and proximate result of the wrongful acts, omissions, negligence, and/or representations of [ECC], Charleston Exteriors, LLC and Hurley Services, LLC which have damaged [BFS], as [BFS] has been subjected to liability

_FirstSource-Southeast Group, LLC v. Palmetto Trim and Renovation, et al._, Op. No. 6099 (S.C. Ct. App. filed Feb. 12, 2025) (Howard Adv. Sh. No. 7 at 7).  Our decision there provides additional grounds for sustaining the circuit court's analysis of the contractual language in this case.

and has incurred consequential damages in having to expend attorneys['] fees and costs in defending the claims of Plaintiffs and/or [Lennar] in the underlying action.

34.  That [BFS] is entitled to full contractual and common law indemnification from [ECC] for and against any liability which [BFS] is found to have to the Plaintiffs, [Lennar], and/or to others in the underlying action, and [BFS] is also entitled to damages for any negligence, as aforesaid, on the part of [ECC], Charleston Exteriors, LLC and Hurley Services, LLC entitling [BFS] to recover. . . . its attorneys['] fees, costs, and other expenses incurred in defending the underlying action, and further entitling [BFS] to recover from the ECC any sums for which [BFS]  may be held liable to the Plaintiffs, to [Lennar], and/or to others in such action.

BFS asserts several times in its complaint that it seeks recovery for *any* sums for which it may be held liable to Lennar or the *Damico* plaintiffs, rather than only those sums which might be attributable to Respondents' purported sole negligence. For this reason—and due to the language of BFS's own Agreement—the circuit court did not err in in finding BFS seeks indemnification for its own negligence.[4]

## II. Statute of Limitations and Contractual Indemnity

BFS next asserts the circuit court erred in finding the statute of limitations on its contractual indemnity claims began to run before it made any payment in the *Damico* litigation and before final judgment was entered against it.  We agree.

"[A]n action upon a contract, obligation, or liability, express or implied" must be brought within three years.  § 15-3-350(1).  "As to indemnity, the statute of limitations generally runs from the time judgment is entered against the defendant." *First Gen. Servs. of Charleston, Inc. v. Miller*, 314 S.C. 439, 444, 445 S.E.2d 446, 449 (1994).  "Our courts have recognized two types of indemnity

---

[4] We further note BFS's argument that the Agreement's indemnity language is clear and unequivocal has been waived by the concession in BFS's Rule 59(e) filing. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal.").

contracts: (1) a contract for indemnity against liability and (2) a contract for indemnity against loss." *Jones v. Builders Inv. Grp., LLC*, 415 S.C. 321, 330 n.8, 781 S.E.2d 737, 742 n.8 (Ct. App. 2015) (citing *Piper v. Am. Fid. & Cas. Co.*, 157 S.C. 106, 112, 154 S.E. 106, 108 (1930)). "In a contract for indemnity against liability, the obligation to indemnify arises when the liability is incurred, whereas in a contract for indemnity against loss, the indemnitee must have made some form of payment before he can assert a breach of the contract." *Id.*

Here, the circuit court erred in finding BFS's claims were barred by the statute of limitations because when BFS answered Lennar's third-party complaint in 2015, it had neither been found liable nor paid any injured party. *See, e.g., Columbia/ CSA-HS Greater Columbia Healthcare Sys., LP v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 411 S.C. 557, 568, 769 S.E.2d 847, 852-53 (2015) (Toal, C.J., dissenting) ("[T]he innocent party's right to sue for indemnification does not accrue until it actually sustains damages through either paying an injured party on behalf of the tortfeasor, or incurring attorneys' fees from defending itself in the underlying tort suit. Therefore, there is no justiciable case or controversy until the conclusion of the underlying tort action, regardless of its outcome."). Accordingly, we vacate the circuit court's statute of limitations findings.

## III. Jurisdiction to hear Respondents' Summary Judgment Motions

Finally, we reject BFS's argument that the circuit court lacked jurisdiction to hear dispositive motions until the *Damico* litigation was remanded. The authority of a lower court in a case that has been appealed does not involve a question of subject matter jurisdiction. *See Tillman v. Oakes*, 398 S.C. 245, 255 n.3, 728 S.E.2d 45, 51 n.3 (Ct. App. 2012) ("The reference in Rules 205 and 241(a) to the 'jurisdiction' of the lower courts does not refer to subject matter jurisdiction. Rather, the rules govern the circumstances under which the exclusive appellate jurisdiction Rule 205 grants to the appellate court deprives the lower court of the power to address a particular issue, or 'matter,' during the pendency of the appeal."). In this case, the circuit court properly heard and ruled on the challenged motions.

## Conclusion

For the foregoing reasons, the circuit court's order is

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**

**THOMAS and HEWITT, JJ., concur.**